**Weldon WILLIAMS et al., Appellants,**

**v.**

**Honorable Phillip N. SMITH, Milam County Judge, et al., Appellees.**

**No. 13414.**

Court of Civil Appeals of Texas, Austin.

March 18, 1981.

which constitutes an unconstitutional delegation of their authority under the Constitution of the State of Texas." Appellants' Original Petition in the district court alleged that the County Commissioners of Milam County, Texas, made a contract with the Milam County Appraisal District obligating the latter to make appraisal services for the year 1980, in connection with the setting of county *ad valorem* taxes; that the County and appellees lacked the authority to make that contract in that it provided for an unconstitutional delegation of the constitutional authority of the county tax assessor-collector and the county commissioners; that the appellees have attempted to assess taxes based upon the district's appraisals and that this action violated the constitutional rights of the appellants; and that the appellants have attempted to set and equalize taxes in a manner other than by the county commissioners doing so as a board of equalization.

Ancillary to their petition for permanent injunctive relief, appellants applied to the district court for a temporary injunction to enjoin the County from making payments under the contract entered into and from assessing or collecting taxes based upon values set and equalized by the appraisal district. The district court denied the application for temporary injunction after hearing. Appeal from denial of the temporary injunction was duly perfected to this Court.

Adrian M. Overstreet, Jr., Kammerman, Yeakel & Overstreet, Austin, for appellants.

Russell R. Graham, Randall Buck Wood, Ray, Wood & Henderson, Austin, for appellees.

POWERS, Judge.

Appellants[1] brought suit in the 20th Judicial District Court of Milam County, Texas, for a permanent injunction restraining appellees[2] "from entering into any contract

We issued an injunction to preserve our jurisdiction pending a determination of the appellants' interlocutory appeal. *Weldon Williams, et al., Relators v. Honorable Phillip N. Smith, Milam County Judge, et al., Respondents,* No. 13,439 (Tex.Civ.App.— Austin, February 2, 1981) (not yet reported). Having now considered the interlocutory appeal taken by appellants, we affirm the order of the district court and dissolve the injunction issued earlier by this Court.

---

1. Appellants are Weldon Williams, Leon Noack, Wallace H. Culpepper, Eugene Hairston, W. C. Pemberton, Reese Ashley.

2. Appellees are Phillip N. Smith, County Judge, Adolph Gresak, L. C. McKinney, Gerald Vinton and Walter Stolte, County Commissioners, and V. T. White, County Tax Assessor.

■ Counsel for appellants and appellees agreed in oral argument that the sums contracted to be paid the appraisal district have been paid. The testimony of County Judge Phillip N. Smith, on the show-cause hearing, was that the sums had been paid. Appellants were therefore properly denied their request for temporary injunction prohibiting the payment of money to the district. *Hoffman v. Davis* 128 Tex. 503, 100 S.W.2d 94 (1937, opinion adopted). This Court must determine whether, as appellants contend, the district court abused its discretion in denying their application for a temporary injunction restraining appellees from "assessing or collecting taxes" based upon the district's appraisals.

■ Appellants raise credible questions of law regarding the fundamental validity of the proceedings by which Milam County is proceeding to set and collect its 1980 *ad valorem* tax. We may not, however, determine those questions at this preliminary stage of the lawsuit. *Davis v. Huey*, 571 S.W.2d 859 (Tex.1978). Our review is confined solely to whether the district court abused its discretion in denying appellants' application for temporary injunction to preserve the *status quo* pending trial on the merits. *Houston Belt & T. Ry. Co. v. Texas & N.O. R.R.*, 155 Tex. 407, 289 S.W.2d 217 (1956); *Texas Foundries, Inc. v. International Moulders & Foundry Workers' Union*, 151 Tex. 239, 248 S.W.2d 460 (1952). We cannot substitute our judgment for that of the trial court and must uphold the trial court's decision if the record on appeal contains any support for that decision. *Seaman v. Seaman*, 425 S.W.2d 339 (Tex.1968).

■ There are no findings of fact or conclusions of law in the record on appeal. In light of the evidence adduced at the district court hearing on appellants' application for temporary injunction, we believe that the district court could properly conclude that appellants failed to show that they would sustain irreparable injury if the writ did not issue.

All of the appellants except A. R. Coldiron testified at the district court hearing on the application for temporary injunction.

Counsel for appellants announced at the hearing that Mr. Coldiron took a voluntary non-suit. Each of the remaining appellants testified, in substance, that he believed the value assigned to his property in the district's appraisal was too high; and that he had not received a tax statement for his 1980 *ad valorem* tax. No witness testified that any plaintiff's property had a specific appraised, rendered or market value, or any other value for that matter.

The County Judge, Phillip N. Smith, testified that he had not "signed to certify the tax roll" for 1980 and that the County had not mailed tax notices for the 1980 tax. Mr. V. T. White, the County Tax Assessor-Collector, and Mr. Gerald Vinton, a county commissioner, testified that they had not certified the 1980 tax roll.

■ Appellants in this case directly attack the *valuation* of their properties made by the appraisal district and the County's attempt to set and collect an *ad valorem* tax based upon such valuation. They contend that the valuation process and any resulting tax is fundamentally wrong and illegal. They may be right, but they still must show substantial injury to themselves as a consequence of the illegality. *State v. Whittenburg*, 153 Tex. 205, 265 S.W.2d 569 (1954). "It is now settled . . . that to obtain relief from taxes arrived at through the use of an arbitrary, illegal and fundamentally erroneous plan of valuation, the taxpayer must show substantial injury." *City of Arlington v. Cannon*, 153 Tex. 566, 271 S.W.2d 414 (1954). The appellants' application for temporary injunction avers simply that they require the writ to protect them from "harm" and they have not amplified upon that word, or specified its meaning by further pleading or evidence. The only reasonable interpretation of the word "harm," in the context of their pleadings, is that they will be subject to an excessive *ad valorem* tax as a result of the County's reliance upon the appraisal district's valuations of appellants' properties. There being no evidence adduced at the hearing as to either the district's valuation or any other valuation, the district court

could reasonably have concluded that appellants failed to show that they would incur a substantial and irreparable injury if the writ did not issue.

Having found no abuse of discretion on the part of the district court, we must affirm the judgment of that court.