**Hiram I. WALKER and Bette Walker, Appellants,**

**v.**

**APPRAISAL REVIEW BOARD FOR the GUADALUPE COUNTY APPRAISAL DISTRICT & Guadalupe County Appraisal District, Appellees.**

**No. 04–91–00174–CV.**

Court of Appeals of Texas, San Antonio.

Sept. 30, 1992.

Rehearing Denied Nov. 24, 1992.

Diane M. Henson, Boyce C. Cabaniss, Michael J. Whellan, Graves, Dougherty, Hearon & Moody, P.C., Austin, for appellants.

Russell R. Graham, Peter William Low, Calame, Linebarger, Graham & Pena, William D. Kimbrough, Gregory E. Perry, Asst. Attys. Gen., Taxation Div., Austin, for appellees.

Before CHAPA, BIERY and GARCIA, JJ.

## OPINION

GARCIA, Justice.

Hiram and Bette Walker, appellants, own approximately 2500 acres of land in Guadalupe County, Texas. The Guadalupe County Appraisal District, appellee, valued appellants' land for purposes of taxation within a range of $12.00 to $101.00 per acre. These values were based on the "agricultural use" exemptions provided by state law. The Walker's sued the Appraisal District, contending the entire 2500 acres should be valued at $0.00's, and therefore not taxable, based on the expenses and improvements incurred in the management of the land. In a trial before the court, the trial judge rejected the Walker's $0.00's valuation theory and further concluded that Chapter 23, sub-chapter D, section 42.09 and section 42.29 of the Texas Tax Code are constitutional.

The Walkers present eight points of error. Points one and two contend the trial court erred in finding the Appraisal District's method of valuation was proper because (a) it was contrary to statutory and constitutional mandate and (b) it was arbitrary and capricious. The Walkers argue in point of error three that it was error for the trial court to conclude that improvements must be valued separately at their market value. Points four, five, and six attack the legal and factual sufficiency of the evidence to support the trial court's findings. Finally, points seven and eight relate to the refusal of the trial judge to award attorneys' fees to the Walkers.

Although we will address the arguments presented by the Walkers on appeal, the very foundation of their case is their proposed method of valuation whereby the 2500 acres would be valued at $0.00's. We hold that the Walkers' methodology has already been found wanting by this Court in *King v. Real*, 466 S.W.2d 1 (Tex.Civ. App.—San Antonio 1971, writ ref'd n.r.e.). *See also Rusk Indus., Inc. v. Hopkins Tax Appraisal Dist.*, 818 S.W.2d 111 (Tex. App.—Texarkana 1991, writ requested). In writing for the Court in *King v. Real*, Justice Klingeman wrote that such a method of valuation is invalid because it:

> makes no differentiation between the fact that one operator may be an efficient operator, and the other may not; .... Such method ignores that it is the *land* to be valued for agricultural use, and not the particular operator, or the particular operator's business. (emphasis added)

*King v. Real*, 466 S.W.2d at 7.

In *Rusk Indus.*, the Texarkana Court of Appeals recently said:

> The taxation is based on the land's *productive capacity* and *is not determined by the actual profit or production obtained from the specific tract of land being taxed;* rather, it is determined according to what a typical tract of land can produce.... In the present case, pursuant to a provision in the Texas Constitution, the property is permitted to be valued on the basis of its *productive capacity* without regard to the actual property. (emphasis added).

*Rusk Indus., Inc. v. Hopkins Tax Appraisal Dist.*, 818 S.W.2d at 117. Thus,

the Walkers' central idea has been previously rejected. Point of error one is overruled. With the foundation theory gone, their case falls. For this reason and others stated below, we affirm the judgment of the trial court.

■ We find that the method of valuation was *not* arbitrary and capricious as contended by the Walkers in point of error two. The procedures to verify that land qualified for ag-use must be approved by a committee consisting of "the governor, the comptroller, the attorney general, the agriculture commissioner, and the Commissioner of the General Land Office." Tex.Tax Code Ann. § 23.52(d). The Appraisal District's values were influenced and developed by numerous community members who comprised the ag-use committee.

Tex.Tax Code Ann. § 23.51(4) required the Appraisal District to use the cash lease method of determining the productivity value of the Walkers' land for each of the years 1988–1990. A step-by-step guide explaining how to accomplish the valuation was set forth in the agricultural manuals for the appraisal of land. *Manual for the Appraisal of Agricultural Land* (State Property Tax Board 1988); *Guidelines for the Valuation of Agricultural Land* (State Property Tax Board 1982). The Appraisal Review Board demonstrated through the record compliance with methods set forth in the manuals. Mr. Barnes, appraiser for the Appraisal District, testified at length regarding compliance with the Appraisal Manual. He testified that cash-lease rates were obtained through the ag-advisory committee. Eighteen leases for 1990 and fifteen leases for each year of 1988 and 1989 were used even though only four to six were necessary. Mr. Barnes rechecked his values with surrounding counties and consulted the State Property Tax Board's agriculture evaluation division to be sure he was following proper procedure. He then testified that the Appraisal District complied with each of the steps listed in the Manual. Expert witness testimony also established the reasonableness of the values used by the Appraisal District.

■ There is ample evidence in the record that the method of determining the values was not arbitrary or capricious. The trial court is entitled to believe all the testimony in determining that the Appraisal Board was not arbitrary or capricious. We overrule point of error two.

■ In point of error three, the Walkers contend that the Tex.Tax Code Ann. §§ 23.-51–23.57 applies to land and improvements and that they should not be valued separately. The courts, however, have repeatedly found "land" to be separate from "improvement." *Cameron County Appraisal Review Board v. Creditbanc Sav. Ass'n*, 763 S.W.2d 577, 579–580 (Tex.App.— Corpus Christi 1988, writ denied). The court has specifically recognized the separate categories in Tex.Tax Code Ann. § 1.04 and has stated that:

> Under the new provisions of the Property Tax Code the legislature has specifically designated land and improvements and other taxable interests as separate entities of real property. This specific enumeration by the legislature appears to show the legislative intent that land and improvements are separate entities.

*Id.; El Paso Central Appraisal Dist. v. Montrose Partners*, 754 S.W.2d 797, 798 (Tex.App.—El Paso 1988, no writ). Further, requiring the Tax Appraisal District to maintain the separate listing of both land and improvement is more than a mere bookkeeping requirement. Tex.Tax Code Ann. § 25.02; *Cameron County Appraisal Review Board*, 763 S.W.2d at 580. It conforms with the legislative intent that land and improvements are separate components of real property. Tex.Tax Code Ann. § 25.02; *Cameron County Appraisal Review Board*, 763 S.W.2d at 580. As such, we overrule appellants' third point of error.

■■ The Walkers' points of error four, five, and six contend that trial court erred in finding for the Appraisal Board because the evidence was legally, or factually insufficient. When the party who had the burden of proof attacks the factual insufficiency of a finding, he must demonstrate that the adverse finding is against the great

weight and preponderance of the evidence. *Carr v. Jaffe Aircraft Corp.*, No. 04–90–00497–CV, slip op. at 2 (Tex.App.—San Antonio, Aug. 26, 1992); *Raw Hide Oil & Gas, Inc. v. Maxus Exploration Co.*, 766 S.W.2d 264, 275–76 (Tex.App.—Amarillo 1988, writ denied). The court of appeals must consider and weigh all the evidence and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986); *Traylor v. Goulding*, 497 S.W.2d 944, 945 (Tex.1973).

■ The Appraisal Review Board presented ample evidence through the agricultural manuals, testimony of the appraiser, appraisal board member testimony, and expert witness testimony. While it is not this Court's place to pass upon the credibility of the evidence, we find that there is some evidence to support the finding and that the finding is not contrary to the overwhelming weight and preponderance of the evidence.

■ When the appellant, who had the burden of proof, attacks the legal sufficiency of an adverse finding, he must on appeal demonstrate that the evidence conclusively established all the vital facts in support of the issue. *Carr*, slip op. at 2; *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex.1989). Because we find that the finding was not against the great weight and preponderance of the evidence, we do not find that the Walkers' conclusively established all of the vital facts in support of the issue. Thus, we find the evidence to be legally and factually sufficient. We, therefore, overrule points of error four, five, and six.

The Walkers' right to recover attorney's fees rests on prevailing on their main case. TEX.TAX CODE ANN. § 42.27(d). They did not prevail; we need not address points seven and eight regarding attorneys fees.

Accordingly, the judgment of the trial court is affirmed.