In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00125-CV

                                                ______________________________

 

 

                                     LACK’S STORES,
INC., Appellant

 

                                                                V.

 

                        GREGG COUNTY APPRAISAL DISTRICT AND

GREGG COUNTY APPRAISAL
REVIEW BOARD, Appellees

 

 

                                                                                                  


 

 

                                       On Appeal from the 124th
Judicial District Court

                                                             Gregg County, Texas

                                                       Trial Court
No. 2007-1969-B

 

                                                                                                   

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                      MEMORANDUM OPINION

 

            Lack’s
Stores, Inc., a furniture retailer, brought suit in an effort to appeal a
determination of the value of its inventory for the years 2003 through 2008 by
the Gregg County Appraisal District and the affirmation of that evaluation by
the Gregg County Appraisal Review Board.[1]  The amount of ad valorem tax due to be paid
by Lack’s Stores is based upon the valuation of its inventory.  The trial court granted a partial summary
judgment in favor of Gregg CAD and dismissing Lack’s Stores’ claims as they
pertained to the tax years 2003 through 2006, and then held a bench trial on
the claims involving the 2007 and 2008 tax years.  Broadly, Lack’s Stores claims that the
appraisers for Gregg CAD failed to apply adequate depreciation reductions to
the value of the inventory (which was calculated by Gregg CAD as the cost of
its acquisition by Lack’s Stores).  Lack’s
Stores tracked its administrative remedies in the tax review process, thence to
the district court, and now to this Court on appeal.

            Lack’s
Stores sets out seven issues.  The first
three complain of matters involved in the granting of the partial summary
judgment, while the fourth complains of the failure to award Lack’s Stores
attorney’s fees for responding to the motion for summary judgment.  The fifth issue argues that the court erred
(presumably in its judgment at the trial) by ruling that Gregg CAD had complied
with Tex. Tax Code Ann. § 23.12 (West
2008), in its assessment of value, although it had admitted its failure to
adhere to what Lack’s Stores maintained was required appraisal methodology and
supposedly admitted having no underlying facts to support its appraisals.  The sixth issue complains that “[t]he Court
erred by denying that Appellant’s expert, Robert Johnson was not a certified
appraiser.”  The seventh issue is a
complaint that “the court erred by condoning, and thereby encouraging,
bureaucratic failures and omissions.” 

The Partial Summary Judgment

            The
partial summary judgment in this case arose from a mixed traditional and a
no-evidence motion.  The proponent of a
traditional summary judgment has the burden of showing that there is no genuine
issue of material fact and that it is entitled to judgment as a matter of
law.  Nixon
v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548–49 (Tex. 1985).  In such a motion, the question on appeal is
not whether the summary judgment proof raises a fact issue with reference to
the essential elements of the plaintiff’s cause of action, but whether the
summary judgment proof establishes that the movant is
entitled to summary judgment as a matter of law.  French
v. Gill, 252 S.W.3d 748 (Tex. App.—Texarkana 2008, pet. denied).  Similarly, in a no-evidence summary judgment,
the question is whether the nonmovant produced any
evidence of probative force to raise a fact issue on the material questions
presented.  Wal-Mart Stores, Inc. v. Rodriguez, 92 S.W.3d 502, 506–07 (Tex.
2002).

            In
this appeal, the question to be addressed concerning the grant of the partial
summary judgment begins with an examination of the meaning of certain terms
used in a statute and then applying that meaning to a particular type of
allegation.  In this partial summary
judgment, with no specificity as to reasons or the type of judgment being
granted, the trial court stated that the motion should be granted and entered a
take-nothing judgment in favor of Gregg CAD and against Lack’s Stores for
appraisals of Lack’s Stores’ inventory for the tax years 2003 through
2006.  Underlying that judgment is a
single (and quite brief) motion for summary judgment.[2]  The underlying motion requested judgment,
alleging that Lack’s Stores’ complaints do not allege a clerical mistake as
required by the statute to which Lack’s Stores makes reference, but, rather,
alleges a mistake in appraisal methodology.

            Lack’s
Stores’ position for relief for tax years 2003 through 2006 is based upon its
interpretation of the language contained in Section 25.25 of the Texas Tax
Code.  Tex.
Tax Code Ann. § 25.25 (West
2008).  That statute provides that an
appraisal roll for previous years may only be changed if one of several
enumerated circumstances is shown to exist. 
The relevant part of the statute is found in Section 25.25(c)(1) of the
Texas Tax Code, which provides that an appraisal review board may change an
appraisal roll for any of the five preceding years to correct “(1) clerical
errors that affect a property owner’s liability for a tax imposed in that tax
year.”  Tex.
Tax Code Ann. § 25.25(c)(1).

            Lack’s
Stores relies on the definition of “clerical error” employed in the Texas Tax
Code:

(18)      “Clerical error” means an error:

            (A)       that is or results from a mistake or failure in writing, copying,
transcribing, entering or retrieving computer data, computing, or calculating; or

            (B)       that
prevents an appraisal roll or a tax roll from accurately reflecting a finding
or determination made by the chief appraiser, the appraisal review board, or
the assessor; however, “clerical error” does not include an error that is or
results from a mistake in judgment or reasoning in the making of the finding or
determination.  

 

Tex. Tax
Code Ann. § 1.04(18) (West 2008) (emphasis added).

            Lack’s
Stores’ train of thought appears to be that Gregg CAD failed to use the correct
appraisal method because the use of a method of appraisal that does not comport
with that employed by Lack’s Stores, constituting a mistake; taking this line
of reasoning further, Lack’s Stores maintains that the supposedly erroneous
appraisal method resulted in clerical errors for the preceding five years’
appraisal.  Traveling further along that
skein, it concludes that Gregg CAD’s appraisal method constituted a clerical
error and, thus, one which is permitted by statute to be corrected.

            Lack’s
Stores’ argument rests largely upon an opinion issued by the Fort Worth Court
of Appeals.  See Comdisco v. Tarrant County Appraisal Dist. & Appraisal Review
Bd. of Tarrant County, 927 S.W.2d 325 (Tex. App.—Fort Worth 1996, pet. ref’d).  The Comdisco case addressed the dichotomy
between parts (A) and (B) of the section of the Texas Tax Code quoted
above.  The focus of that opinion,
however, was the question of whether such a clerical error could be corrected
only if it was one made by the taxing entity or if correction was possible if
the clerical error had been made by the taxpayer.  The Fort Worth court found that (A) includes
such errors by both state and taxpayer, but (B) could not include these errors.  Although that ruling is entirely reasonable,
its rationale is neither important to, nor applicable to this analysis.

            In
analyzing a statute, we begin by presuming that lawmakers intended what they
enacted in the use of the statute’s text, relying (whenever possible) on the
plain meaning of the words chosen.  Ojo v. Farmers Group, Inc., No. 10-0245, 2011
WL 2112778, at *12 (Tex. May 27, 2011) (Jefferson, C.J., concurring); Fresh Coat, Inc. v. K-2, Inc., 318
S.W.3d 893, 901 (Tex. 2010) (“Our ‘ultimate purpose’ when construing statutes
‘is to discover the Legislature’s intent.’ Presuming that lawmakers intended
what they enacted, we begin with the statute’s text, relying whenever possible
on the plain meaning of the words chosen.”  (Footnotes omitted)).

            The
question here is whether the language in Section 1.04(18)(A) of the Texas Tax
Code can include an allegation of a failure by the taxing entity to use all of
the proper considerations in calculating a tax liability, or if it is limited
to the historic meaning of a “clerical error.” 
As pointed out by Gregg CAD, this precise issue has been addressed
recently by Texas’ Corpus Christi Court of Appeals in a case involving an
appellant apparently related to the appellant here in Lack’s Stores Valley Stores, Ltd. v. Hidalgo County Appraisal Dist., No. 13-10-00500-CV, 2011 WL 2475843
(Tex. App.—Corpus Christi June 23, 2011, no pet. h.) (mem.op.).


            In
that case, the Corpus Christi court reviewed the longstanding meaning of the
term and its use within the statute; it concluded that the refusal of the
appraisal district to employ the evaluation method urged by Lack’s Stores
(which, as here, enhanced the depreciation of the inventory) could not meet the
definition of a “clerical error.”

HCAD’s
failure was not a simple, inadvertent omission made while reducing a judgment
into writing, but rather, the result of alleged reasoning and
determination.  . . . the judgment
actually entered was accurately reflected . . . thus HCAD’s failure to
appropriately depreciate is not properly defined as a clerical error.

 

Id. at *3. 
Instead, the court found this claim to be an attempt to obtain a
substantive reevaluation of the property’s value, something which must be
brought solely through the appeals process of Chapter 41 of the Texas Tax
Code.  Tex.
Tax Code Ann. §§ 41.01–.71 (West 2008 & Supp. 2010).  Although the ruling is not controlling here,
the reasoning employed has merit and is directly applicable to this case.  A clerical error has always been defined as
one that does not result from reasoning or determination.  See
Andrews v. Koch, 702 S.W.2d 584, 585 (Tex. 1986).  A clerical error is “[a] mistake of law or of fact
in a tribunal’s judgment, opinion, or order.”  Black’s
Law Dictionary 621 (9th ed. 2009).  Although the statute uses some different terms
to describe the scenario, the language employed simply provides additional
synonyms without altering the underlying meaning of the term.

            Lack’s
Stores’ allegations of error amount to a difference of opinion as to the proper
means to evaluate property, not of a clerical mistake.  Therefore, they cannot fall within the
parameters of the statute under which it sought relief.  The trial court did not err by granting the
partial summary judgment on this issue.

            Because
Lack’s Stores cannot prevail on the first issue, its second, third, and fourth
issues also fail, each being predicated on the same premise.  The existence of fact issues about the effect
of depreciation on the value of the inventory, the failure to exclude an
affidavit filed by Gregg CAD, and the failure to award Lack’s Stores its
attorney’s fees for its efforts in response to the motion for partial summary
judgment are all matters that we need not reach because of our affirmance of the partial summary judgment.

            Lack’s
Stores’ fifth issue reads as follows: 
“The Court erred by ruling that Appellees
complied with § 23.12, Tex. Tax C. when Appellees had
admitted their failure to adhere to the required underlying methodology and had
admitted to having no underlying facts or data to support their ‘appraisals.’”  

            This
issue attacks the final judgment after trial. 
It is not strictly a complaint about the sufficiency of the evidence;
rather, it is a complaint that the trial court improperly understood the
meaning of the statute and that the admissions of Gregg CAD were of such a
nature as to require a judgment in favor of the taxpayer.  Procedurally, Lack’s Stores had followed its
administrative remedies by filing a protest with Gregg CAD over the last two
years’ taxes and participating in a hearing before the review board;
nevertheless, it lost.  Similarly to the
claim addressed previously (but which utilized a different statute), Lack’s
Stores argued that the methods used to appraise the property were not valid.

            The
trial court conducted a bench trial and found that “[b]ased
upon such evidence, the Court finds that the Gregg County Appraisal District
complied with Section 23.12 of the Texas Tax Code in appraising Plaintiff’s
property for 2007 and 2008.”  The court
concluded its judgment by adjudging the market property for the properties for
2007 and 2008 as the same appraised values as determined by Gregg CAD.  Lack’s Stores argues that:  (1) Gregg CAD admitted that it had no study to
determine what a retail furniture store’s “Unit of Inventory” would sell for to
a purchaser who would continue the business, (2) it admitted it had conducted
no study of cash, open market, with no duress, and knowledgeable buyer, and (3)
it had conducted no studies to determine the value of intangibles, individual
characteristics, or functional and economic obsolescence.  

            The
argument posited by Lack’s Stores is that Gregg CAD should have used a
“depreciated value” of inventory for tax purposes, rather than the cost of the
inventory and complains that Gregg CAD failed in its duty to make an accurate
appraisal of value by not taking such factors into consideration during its
decision-making process.  It then goes
further, arguing that the use of such factors is mandatory to making an
accurate appraisal and that without the use of the appraisal techniques
employed by its expert, its appraisal value is invalid.  Lack’s Stores concludes its briefing by
asking this Court to apply the factors and considerations set out by its expert
and render judgment for the proper amount under its expert’s theory, by
reference to a page attached as an appendix to its brief.[3]

            In
an excessive valuation case under Tex.
Tax Code Ann. § 42.25 (West 2008), the taxpayer must prove that the
valuation is grossly excessive.  See Sears Roebuck & Co. v. Dallas
Central Appraisal Dist., 53 S.W.3d 382 (Tex. App.—Dallas 2000, no pet.).  Grossly excessive valuation exists when the
assessed value is proven to so far exceed the fair market value as to shock the
mind and raise the assumption that the value was either fraudulent or that it
does not represent a fair and conscientious effort by the board to arrive at
the cash market value.  Houston Lighting & Power Co. v. Dickenson
Indep. Sch. Dist., 794 S.W.2d 402, 404–05 (Tex.
App.—Texarkana 1990, writ denied). 
Determining whether a tax assessment is grossly excessive is a question
of law.  Polk Co. v. Tenneco, Inc., 554
S.W.2d 918, 920 (Tex. 1977); Houston
Lighting, 794 S.W.2d at 404.  In
addition to that determination, a harm analysis also applies:  on appeal from a trial court’s decision after
its review of an appraisal review board’s decision, an appealing taxpayer may
prevail only if the taxpayer can show monetary “substantial injury” because of
the alleged arbitrary taxation plan.  Rusk Indus., Inc. v. Hopkins County Tax
Appraisal Dist., 818 S.W.2d 111, 116 (Tex. App.—Texarkana 1991, writ
denied).

            In
this case, Lack’s Stores neither sought nor obtained findings of fact or
conclusions of law.  When a party does
not request findings of fact or conclusions of law, the judgment implies all
necessary findings of fact to support it are present, provided (1) that the
proposition is one raised by the pleadings and supported by the evidence and
(2) that the judge’s decision can be sustained on any reasonable theory that is
consistent with the evidence and the applicable law, considering only the
evidence favorable to the decision.  Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990);
Jones v. Smith, 157 S.W.3d 517 (Tex.
App.—Texarkana 2005, pet. denied).

            In
a cross-point, Gregg CAD argues that the taxpayer has waived any complaint
about excessive valuation or substantial injury because it did not challenge
the determination of value made by the trial court.  Although we must agree that the way the issues
were briefed do not unequivocally make such an attack, we read the brief
liberally.  In giving latitude in a
liberal reading, we read Lack’s Stores’ brief to argue that (due to a
misunderstanding of the law by the trial court), the valuation of the inventory
was incorrect and Lack’s Stores requests this Court to render a judgment.[4] In
summary, the taxpayer wants to have a lesser evaluation, but only tells this Court
its belief as to the correct amount by reference to matters not clearly set out
in its brief.  Although Lack’s Stores’
brief is not a paragon of clarity in this regard, we believe the argument is
sufficiently before us that we can act upon it.

            With
effort, one might also extract from Lack’s Stores’ brief that it intended to
include a complaint that the evidence at trial was insufficient to support the
judgment.  That potential argument,
however, is neither briefed by reference to applicable law governing such an
issue, nor does it contain any attempt to provide a reasoned analysis of such a
claim.  Because it would be torturous to
construe the brief to address this potential issue, we will not stretch our
liberality so far as to create arguments and issues that only exist as
phantoms.  By failing to present a point
or argument, an appellant waives his right to complain of the error.  The court of appeals errs if it reverses on
that ground in the absence of properly assigned error.  Pat Baker Co. v. Wilson, 971 S.W.2d 447, 450 (Tex. 1998); see Tex.
R. App. P. 38.1(h).

            The
question we will first address is whether the taxpayer has shown us that the
trial court misapplied the statute.  Lack’s
Stores focuses its attention on Section 23.12(a) of the Texas Tax Code, which
states that the “market value of an inventory is the price for which it would
sell as a unit to a purchaser who would continue the business.”  Tex.
Tax Code Ann. § 23.12(a) (West 2002). 
The Code does not contain a specific type of analysis that must be
utilized in reaching that valuation. 
Thus, the taxpayer is in the position of complaining that the method
used by Gregg CAD is, as a matter of law, erroneous.

            However,
there was substantial evidence introduced in the form of testimony from several
district employees regarding the evaluation methods employed by Gregg CAD
relating to its choice of means to determine the value of the inventory,
pertaining to its determination that the cost of the inventory was equivalent
to its market value, and its determination that the values assessed for those
two years actually reflect the price for which the inventory would sell as a
unit to a purchaser who would continue the business.

            In
short, there is evidence that the evaluation was not arbitrary.  Gregg CAD explained the method it used, the
reasons for adoption of that method, and of the way that Gregg CAD applied its
methodology to the particular fact situation. 
There was also evidence provided to the appraisal district by the
taxpayer regarding the amount that the taxpayer had paid for the property being
evaluated.  Gregg CAD determined that
under its method of calculation of value, no allowance for depreciation was
warranted; from that, it determined its opinion of the fair market value of the
inventory for the two years at issue.

            In
a variation on its argument, Lack’s Stores points out that Section 23.01(b) of
the Texas Tax Code requires Gregg CAD, in a mass appraisal of this nature, to
comply with the Uniform Standards of Professional Appraisal Practice
(USPAP).  It then avers that one of Gregg
CAD’s answers to requests for admissions proves that Gregg CAD failed in its
duties to follow USPAP guidelines.  In
the response cited by Lack’s Stores, Gregg CAD admitted that it could not
“certify compliance with USPAP during its appraisal of property owner’s
inventory during the tax year(s) in dispute.” 
Lack’s Stores’ discovery requests then go on to demand that if Gregg CAD
denied that it could not make such a certification, then Gregg CAD was to
“produce with your response a copy of the District’s USPAP compliance
certification for its appraisal of property owner’s inventory for the tax
year(s) in dispute.”

            Gregg
CAD also categorically stated, however, that it did comply with the USPAP
obligations necessary to accurately appraise the owner’s unit of inventory and
that it had a certified mass appraisal model specifically for retail furniture
inventories.  At most, there is a
question of fact as to whether the USPAP standards actually were used.  Further, contrary to Lack’s Stores’ position,
Gregg CAD’s admissions that it had not prepared a “study” on various aspects of
the property evaluation is not conclusive proof that it had failed to utilize
appropriate considerations in its evaluation. 
Due to the fact that Lack’s Stores makes no direct attack on appeal upon
either the factual or legal sufficiency of evidence to prove any particular
matter and provides no citation to authority related to evidentiary sufficiency
or attempt to apply evidentiary standards, the sufficiency of the evidence is
not at bar in this case.

            Lack’s
Stores also generally attacks Gregg CAD’s “Personal Property Manual” which it
acknowledges that it uses, saying that the manual is “unreliable, speculative
and conclusory.”  Lack’s Stores goes on to maintain that the
property cards used by it are conclusory and that its
field inspection notes are irrelevant to prove anything more than the fact that
the property exists, failing to analyze the individual characteristics of the
property.  That allegation is used to set
up an argument that Lack’s Stores’ expert witness was necessarily the one who
was more credible and who should be believed. 
This position is taken even though the expert witness neither actually
saw nor inspected the inventory because his “familiarity with Appellant’s
business practices and with Appellant’s inventory databases made an inspection
superfluous.” 

            It
is not precisely clear what role those statements play in this analysis, but
they appear to be designed to provide support for Lack’s Stores’ prior
suggestion that improper standards were used by Gregg CAD in making its
appraisal or evaluation.  However, in the
absence of an attack upon evidentiary sufficiency, fact-findings (implied or
otherwise) are not before us for review. 
As such, they do not provide a convincing explanation how this shows, as
a matter of law, that Gregg CAD entirely failed to use proper procedures or
methodology in its evaluations.

            Lack’s
Stores also sets up an issue complaining that Gregg CAD had admitted matters in
discovery that required a different result from that which ultimately was
reflected in the appraisal of Lack’s Stores’ inventory.  However, that argument seems predicated on
the ground that the sole defensible method for evaluation was that provided by Lack’s
Stores’ expert witness and that Gregg CAD used a different method.  Since there is no statutory requirement that
the taxpayer’s preferred method must be applied to the exclusion of the one
selected by Gregg CAD, the admissions are of no consequence to the outcome of
this case.

            Lack’s
Stores complains that “[t]he Court erred by denying that Appellant’s expert,
Robert Johnson was not a certified appraiser.” 
We read the argument as contending that the trial court erred by not
treating Johnson as a certified appraiser.  However, the fact that Johnson is not a
certified appraiser under Texas law is not in dispute.  Thus, the court’s recognition of the name to
put to Jackson’s credentials is not error.  In the face of this apparent side issue,
Johnson was allowed to testify without restrictions in the same mode as one who
qualifies as an expert. Presumably, the trial court took his testimony into
account in coming to its conclusion (irrespective of whether he was a certified
appraiser or whether he was not).  Thus,
even if some error existed in the trial court’s refusal to recognize Johnson as
a certified appraiser, any harm resulting to Lack’s Stores would not be
apparent.

            Lack’s
Stores finally alleges that bureaucratic bungling by Gregg CAD is part of a
systemic failure to properly evaluate inventories and that it is generically
unfair as follows:  “The court erred by
condoning, and thereby encouraging, bureaucratic failures and omissions.”  This general statement is followed by a
recapitulation of all of the complaints that Lack’s Stores has voiced about the
evaluation of its property (including the amount of the evaluation, the means
by which it was determined, and the way it was calculated), the amount of taxes
assessed against it, and the trial court’s refusal to address what it believes
to be fundamental unfairness.  In this
point, there does not appear to be an issue or argument posed in such a fashion
that would make it amenable to appellate review.

            We
affirm the judgment.

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          September 7, 2011

Date Decided:             September 9, 2011











[1]Although
suit was necessarily brought against both entities, reference to the defendants
and appellees will be made hereafter as the Gregg
CAD.





[2]Note:  throughout the motion, counsel cites to the
“Texas Property Code.”  Although the
cited sections are recited correctly, they should properly reference the “Texas
Tax Code.”  





[3]Counsel
did not provide this Court with any completed calculations, or argue a
particular requested result, but in his briefing merely directs us to a trial
exhibit showing the result reached by its expert.  Counsel similarly failed to fully brief his
third issue, merely citing rules and referring to pages of pleadings. 





[4]Appellant
asks only for reversal and rendition, not reversal and remand.