TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00556-CV






Employees Retirement System of Texas, Appellant



v.



Gene Jones, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT


NO. 97-09839, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING







 Gene Jones sought judicial review of the decision by the Employees Retirement
System of Texas ("ERS") to deny insurance coverage to his dependent child, claiming that the
ERS rule governing dependency conflicted with the authorizing statute. ERS appeals the order
of the trial court declaring its rule invalid and ordering coverage for Jones's child. We will
affirm.


BACKGROUND

 Jones served in the Texas House of Representatives from 1972 through 1976 and
in the Texas Senate from 1976 through 1981. As an elected official, Jones qualified for the
Uniform Group Insurance Plan ("UGIP") in 1972. However, Jones chose to maintain other
insurance for himself and his dependents during his service to the State of Texas. Jones became
an annuitant under the UGIP's authorizing statute, the Texas Employees Uniform Group Insurance
Benefits Act (the "Act"), in 1986, (1) yet he waited until 1995 to enroll in the UGIP. Texas
Employees Uniform Group Insurance Benefits Act, Tex. Ins. Code Ann. art. 3.50-2 § 1 (West
1981). At that time, Jones made application for himself and his wife, granddaughter, and son,
Clayton, as dependents.

 Jones's son, Clayton, was born on June 10, 1952 with spina bifida. As a result,
he is a paraplegic and has been confined to a wheelchair since birth. Clayton lacks the physical
abilities needed to work and support himself; he depends wholly on his parents for care and
support, including medical insurance. Clayton has always been insured as a dependent on his
father's health coverage plan. His disability and dependency status are undisputed. ERS denied
coverage because the ERS rule for dependent coverage required that Clayton was enrolled under
the UGIP at the time of his twenty-fifth birthday. When Jones applied for coverage under the
UGIP, Clayton was forty-three years old.

 The legislature enacted the Texas Employees Uniform Group Insurance Benefits
Act in order to provide uniformity in life, accident, and health coverage for all employees of the
State of Texas and their dependents. Id. § 2(a) (West Supp. 2001). The legislature delegated to
ERS's Board of Trustees the power to administer and implement the Act. Id. § 4. (2) In order to
facilitate the administration of the UGIP, ERS promulgated definitions of certain terms, which
expand on the Act's definitions, to assist in determining eligibility. Its definition of "dependent"
lies at the heart of this controversy.

 The Act defines "dependent" as the spouse of an employee or retired employee and
any unmarried child, under twenty-five years of age. Id. § 3(a)(8)(A). The legislature added a
further provision to include:


any such child, regardless of age, who lives with or whose care is provided by an
employee or annuitant on a regular basis if such child is mentally retarded or
physically incapacitated to such an extent as to be dependent upon the employee or
retired employee for care or support, as the trustee shall determine.



Id. at § 3(a)(8)(B) (emphasis added).

 Based on that legislative mandate, ERS drafted its own definition of "dependent"
(the "Rule"). The Rule restates the definition found in section 3(a)(8)(A) and (B) of the Texas
Insurance Code, but adds the following:


Mentally retarded or physically incapacitated means any medically determinable
physical or mental condition which prevents the child from engaging in self-sustaining employment, provided that the condition commences prior to such
child's attainment of age 25, the child was eligible and covered under the plan
immediately prior to reaching age 25, and that satisfactory proof of such condition
and dependency is submitted by the employee/retiree within 31 days following such
child's attainment of age 25.



34 Tex. Admin. Code § 81.1(I) (2000). (3) ERS claims that the additional language provides a
standard for eligibility that is necessary for the efficient and cost-effective administration of the
UGIP. Jones claims that the Rule adds enrollment requirements and deadlines which violate the
Act and were improperly relied upon by ERS in denying coverage for his disabled and dependent
son, Clayton.


DISCUSSION

 An administrative agency's construction or interpretation of a statute, which the
agency is charged with enforcing, is entitled to serious consideration by reviewing courts, so long
as that construction is reasonable and does not contradict the plain language of the statute. 
Steering Comms. for the Cities Served by TXU Elec. & Cent. Power & Light Co. v. Pub. Util.
Comm'n, No. 03-00-00469, slip op. at 4-5 (Tex. App.-Austin March 15, 2001). In determining
if a rule exceeds statutory authority, we must ascertain whether the rule complies with the general
objectives of the statute. Int'l Ins. Agency, Inc. v. R.R. Comm'n, 893 S.W.2d 204, 207 (Tex.
App.-Austin 1995, writ denied). That determination requires us to look not only at a particular
provision, but to all applicable provisions. Id. "In construing a statute, our objective is to
determine and give effect to the legislature's intent." Nat'l Liab. & Fire Ins. Co. v. Allen, 15
S.W.3d 525, 527 (Tex. 2000).

 In accordance with its delegated responsibilities, ERS has the authority to (1)
prepare specific coverages under the UGIP, (2) determine eligibility requirements, (3) provide for
beginning and ending coverage dates for qualified persons, (4) adopt rules and regulations
consistent with the Act in order to implement and maintain the UGIP, and (5) design and monitor
the UGIP in an effort to promote efficiency, discourage excessive utilization, and contain costs. 
Tex. Ins. Code Ann. art. 3.50-2 § 4(a), (b), (g), (h), (n).

 ERS takes the position that the Rule is drafted specifically to further its duties set
forth in the Texas Insurance Code. It claims the Rule's general purpose is to prevent the cessation
of coverage for dependent and disabled children after their twenty-fifth birthday. As worded, the
Rule accomplishes this goal. But on the facts of this case, the Rule also has the effect of barring
coverage for Clayton and other disabled and dependent children whose parents do not enroll in
the UGIP until after their child has reached twenty-five years of age. Jones argues that denying
Clayton coverage because of his age at the time of application violates the Act's definition of
"dependent," which includes "any such child, regardless of age, who lives with or whose care
is provided by" an annuitant on a regular basis if the child is physically incapacitated to such an
extent as to be dependent on the annuitant "for care or support, as the trustee shall determine." 
Id. § 3(a)(8)(B) (emphasis added).

 ERS responds that the inclusion of the language "as the trustee shall determine"
in the Act's definition of "dependent" gives ERS the authority to expand on that definition and
add requirements for eligibility. ERS misinterprets the meaning of that clause. That language
allows ERS to make determinations concerning whether a child meets all the requirements to
qualify as a "dependent," but ERS's authority extends no further. The doctrine of last antecedent
supports this reading. See Spradlin v. Jim Walter Homes, Inc., 34 S.W.3d 578, 580 (Tex. 2000). 
"That canon of construction states that a qualifying phrase in a statute or the Constitution must
be confined to the words and phrases immediately preceding it to which it may, without impairing
the meaning of the sentence, be applied." Id. We are bound to construe this language in the Act
as applying to the "disability" and "dependency" of the child. See id. The enrollment
qualifications ERS has created in the Rule do not affect eligibility based on the capacity of the
child, which ERS may properly determine, but rather the child's age and enrollment status. These
requirements exceed the authority granted to ERS by the "as the trustee shall determine"
provision.

 The legislature placed an absolute prohibition on age-based criteria for dependent
and disabled children; ERS may not circumvent the canons of statutory construction to avoid this
legislative mandate. The Rule's first sentence restates, nearly verbatim, the Act's definition of
"dependent" as it relates to disabled children. In the second sentence, ERS added a definition of
"mentally retarded or physically incapacitated" to mean "any medically determinable physical or
mental condition which prevents the child from engaging in self-sustaining employment." 34 Tex.
Admin. Code § 81.1(I). The added definition provides a uniform standard for determining which
individuals are disabled for the purposes of the Act. Because this definition complies with the
plain meaning of the Act's "as the trustee shall determine" language and the doctrine of last
antecedent, its inclusion is proper. Following that definition, the Rule, however, contains three
criteria that a disabled child must meet to be eligible for the UGIP. Specifically, the Rule requires
that (1) the child's condition must commence prior to the attainment of age twenty-five, (4) (2) the
child must be eligible and covered under the UGIP prior to that age, and (3) the eligible parent
must provide proof of the child's condition within thirty-one days following such child's twenty-fifth birthday. Jones contends that the second and third criteria run afoul of the Act.

 In reviewing ERS's interpretation of the Act, we must consider the statute in its
entirety, its nature and object, and the consequences that would follow from each construction. 
Southwestern Bell Tel. Co. v. Pub. Util. Comm'n, 31 S.W.3d 631, 640 (Tex. App.-Austin 2000,
pet. filed). Interpretations that would produce absurd results are to be avoided. Id. The second
criterion relies on the parent's employment and choice of insurance carrier; the third imposes a
notice requirement on the parent. The eligible parent's choice to participate in or forego the
UGIP has no bearing on whether a child is disabled and dependent. Likewise, providing notice
of a child's disability immediately following the child's twenty-fifth birthday has no correlation
with a child's dependency status. That the Rule requires a correlation between them leads to an
absurd interpretation. ERS attempts to avoid this interpretation by advocating that these criteria
were added to further the administrative goals and responsibilities found within the Act and should
be interpreted in light of the Act as a whole. The doctrine of last antecedent precludes us from
following ERS's suggested interpretation and we decline to do so.

 Because ERS is charged with enforcing the Act, its interpretation, if consistent with
the plain language of the Act, is entitled to serious consideration. Steering Comms., slip op. at
4--5. We must, nevertheless, adhere to certain guiding principles of statutory construction. "First
and foremost, we must follow the plain language of the statute." Hunter Indus. Facilities, Inc.
v. Tex. Natural Res. Conservation Comm'n, 910 S.W.2d 96, 102 (Tex. App.-Austin 1995, writ
denied). The legislature clearly intended by the plain language of the Act to cover any dependent
child with a mental or physical disability regardless of age. Because we may determine the
legislature's intent from the plain language of the Act, ERS's interpretation is in conflict and
cannot stand.

 While the Rule is designed to ensure that no disabled child's coverage will be
terminated at age twenty-five, its design also precludes coverage if the child is over twenty-five
at the time of application. The Rule complies with the Act by not terminating coverage based on
age, but it ignores the Act's mandate against refusing initial coverage because of age. When Jones
applied for coverage, Clayton was forty-three years of age. Neither party disputes the fact that
Clayton is disabled and fully dependent on his parents for support and care. ERS recognized that
Jones was qualified for the UGIP; he has been enrolled since his initial application in 1995. 
However, because the Rule fails to allow for the beginning of coverage after the attainment of age
twenty-five, Clayton has been denied coverage. There is no suggestion that Clayton fails to meet
the requirements of "disabled" under the Act; but he does fail to meet the extra criteria added by
ERS. Because under these facts the Rule bars coverage for a person eligible under the Act, we
conclude that the Rule is invalid as applied.

 Finally, ERS attempts to rely on the doctrine of legislative acceptance in support 
of its Rule. "When the legislature reenacts without substantial change a statute that has been
previously construed by an agency charged with its execution, a court should ordinarily adopt the
agency construction." Southwestern Life Ins. Co. v. Montemayor, 24 S.W.3d 581, 585 (Tex.
App.-Austin 2000, pet. denied). While "[i]t is true that the construction of a law by those whose
duty it is to apply and execute it, especially when it has prevailed for a long time, is entitled to
great weight," it is not controlling. Teacher Ret. Sys. v. Duckworth, 260 S.W.2d 632, 636 (Tex.
Civ. App.-Fort Worth 1953), aff'd, 264 S.W.2d 98 (1954). Further, the doctrine of legislative
acceptance does not apply where the meaning of the statute is plain. Id. A rule of an
administrative agency is void if it conflicts with the statute, regardless of how long-standing such
rule may be. Id. Accordingly, we reject ERS's legislative acceptance argument.


CONCLUSION

 The primary goal of statutory construction is to ascertain and give effect to the
legislative intent by looking first to the plain language used by the legislature. Southwestern Bell,
31 S.W.3d at 637. Because the language in the Act is clear, we are bound to construe it in
accordance with its common, everyday meaning. See id. The ERS rule in question contradicts
the plain language and legislative intent of the Act by placing restrictions on eligibility not found
in the statute. We affirm the trial court's order declaring the Rule invalid and hold that Jones's
son, Clayton, is entitled to coverage under the UGIP.



 

 Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Puryear.

Affirmed

Filed: April 12, 2001

Publish

1. One definition of an "annuitant" found in the Act is an officer or employee, with at least
three years of service as an eligible employee under the UGIP, who retires and receives an annuity
or is eligible to receive an annuity under Chapter 803 of the Government Code. Texas Employees
Uniform Group Insurance Benefits Act, Tex. Ins. Code Ann. art. 3.50-2, § 3(a)(2)(A) (West
Supp. 2001).
2. All references to ERS rules or rule-making processes refer to the Rules of the Board of
Trustees of ERS, found at title 34 of the Texas Administrative Code, and their authority to
promulgate such rules as provided for under the Act. Id. at § 4 (West Supp. 2001); 34 Tex.
Admin. Code § 61.1-87.29 (2000).
3. At the time Jones applied for coverage for his son, the definition of "dependent" was set
forth in subsection H of section 81.1. Subsequently, ERS amended its rules and that provision
is now found in subsection I of section 81.1 without substantive change. For convenience, we
refer to the Rule in its current location in the Administrative Code.
4. In this case we need not address the validity of the requirement that the child's disability
must commence prior to the attainment of twenty-five years of age because it is undisputed that
Clayton was born with his condition. He has been, and will continue to be, dependent on his
parents his entire life.


 When Jones
applied for coverage, Clayton was forty-three years of age. Neither party disputes the fact that
Clayton is disabled and fully dependent on his parents for support