ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

July 28, 2008

The Honorable Will Hartnett
Chair, Committee on Judiciary
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0649

Re: Whether a rule of the Department of Family and Protective Services conflicts with section 42.041(a), Human Resources Code, which requires a license to operate a child-care facility (RQ-0670-GA)

Dear Representative Hartnett:

With certain exceptions, section 42.041(a) of the Human Resources Code prohibits a person from operating a child-care facility or child-placing agency without a license issued by the Department of Family and Protective Services (the "Department"). TEX. HUM. RES. CODE ANN. § 42.041(a) (Vernon Supp. 2007) (defining "Department" as the "Department of Family and Protective Services"); *see also id.* § 40.001(3). Although the Department is authorized to adopt rules to carry out chapter 42, section 42.041(b) expressly lists many statutory exceptions to subsection (a)'s licensing requirement. *See id.* §§ 42.041(b) (listing sixteen exceptions), 42.042(a) (providing authority to adopt rules). Concerned about a particular Department rule pertaining to programs exempted from licensure, you ask the following questions:

> Does Rule 745.117(4) conflict with Section 42.041(a) [of the] Human Resources Code because the Rule allows school districts that are unlicensed by the Department to operate short-term child-care programs that are not after-school programs?
>
> If Rule 745.117(4) conflicts with Section 42.041(a), is it invalid?
>
> If Rule 745.117(4) does not violate Section 42.041(a), what is the applicable exemption under Section 42.041(b)?[1]

Rule 745.117 lists certain programs of limited duration that are exempt from the licensing regulation. *See* 40 TEX. ADMIN. CODE § 745.117 (2008) (Tex. Dep't of Family & Protective Servs.,

---

[1]Letter from Honorable Will Hartnett, Chair, Committee on Judiciary, Texas House of Representatives, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Jan. 30, 2008) (on file with the Opinion Committee, *also available at* http://www.texasattorneygeneral.gov) [hereinafter Request Letter].

Licensing). Relevant to your question, Rule 745.117(4) exempts short-term programs described as those that operate "no more than 11 weeks during the year," provide "care for children who are at least five years and under 14 years," and are "not a part of an operation subject to [the Department's] regulation." *Id.* § 745.117(4).

Your questions indicate a concern that Rule 745.117(4) conflicts with section 42.041(a) because the rule "allows school districts that are unlicensed by the Department to operate short-term child-care programs that are not after-school programs." Request Letter, *supra* note 1, at 1. You provide no information regarding any particular school district or short-term child-care program. *See id.* at 1–2. Thus, we have no facts by which to evaluate whether a specific facility or program required by statute to be licensed is otherwise exempted. However, your concern about the validity of Rule 745.117(4) presents a question of law that we can address. *See* Tex. Att'y Gen. Op. No. GA-0439 (2006) at 3 (declining to resolve fact questions but addressing the legal question presented); *see also* Request Letter, *supra* note 1, at 2 (arguing that the list of exemptions in section 42.041(b) is "extensive and specific" and does not include the "type of facility exempted by Rule 745.117(4)").

A state administrative agency like the Department has only those powers expressly conferred on it by the Legislature and those that are reasonably necessary to carry out the express responsibilities mandated by the Legislature. *State v. Pub. Util. Comm'n*, 883 S.W.2d 190, 194 (Tex. 1994). An agency may promulgate rules when a statute expressly authorizes it to do so or when implied authority is necessary to accomplish the purpose of the statute. *R.R. Comm'n of Tex. v. Lone Star Gas Co.*, 844 S.W.2d 679, 685 (Tex. 1992). But an administrative agency may not adopt a rule that is inconsistent with the statute. *Id.* The critical factor in determining whether an administrative agency has exceeded its rulemaking authority is whether the rule is in harmony with the general objectives of the statute involved. *Id.* In determining whether a rule is in harmony with the statute, courts look to all applicable provisions of the relevant statute to ascertain the Legislature's intent. *Williams v. Tex. State Bd. of Orthotics & Prosthetics*, 150 S.W.3d 563, 568 (Tex. App.—Austin 2004, no pet.). The plain language of the statute provides the clearest indication of that intent. *Bragg v. Edwards Aquifer Auth.*, 71 S.W.3d 729, 734 (Tex. 2002).

With these legal principles as our guide, we consider Rule 745.117(4). The Department adopted Rule 745.117(4) purportedly under its express authority to adopt rules granted in section 42.042(a), Human Resources Code. *See* 26 Tex. Reg. 7236, 7297 (2001), *adopted* 27 Tex. Reg. 970 (2002) (codified at 40 TEX. ADMIN. CODE § 745.117(4)) (Tex. Dep't of Family & Protective Servs.); TEX. HUM. RES. CODE ANN. § 42.042(a) (Vernon Supp. 2007) (authorizing the Department to "make rules to carry out the provisions of this chapter"). The specified list of exemptions[2] in

---

[2]Section 42.041(b) provides that the licensing requirement does not apply to:

(1) a state-operated facility;

(2) an agency foster home or agency foster group home;

(continued...)

_____

[2](...continued)

(3) a facility that is operated in connection with a shopping center, business, religious organization, or establishment where children are cared for during short periods while parents or persons responsible for the children are attending religious services, shopping, or engaging in other activities on or near the premises, including but not limited to retreats or classes for religious instruction;

(4) a school or class for religious instruction that does not last longer than two weeks and is conducted by a religious organization during the summer months;

(5) a youth camp licensed by the Department of State Health Services;

(6) a facility licensed, operated, certified, or registered by another state agency;

(7) subject to [specified provision], an educational facility that is accredited by the Texas Education Agency, the Southern Association of Colleges and Schools, or an accreditation body that is a member of the Texas Private School Accreditation Commission and that operates primarily for educational purposes in grades kindergarten and above, an after-school program operated directly by an accredited educational facility, or an after-school program operated by another entity under contract with the educational facility, if the Texas Education Agency, the Southern Association of Colleges and Schools, or the other accreditation body, as applicable, has approved the curriculum content of the after-school program operated under the contract;

(8) an educational facility that operates solely for educational purposes in grades kindergarten through at least grade two, that does not provide custodial care for more than one hour during the hours before or after the customary school day, and that is a member of an organization that promulgates, publishes, and requires compliance with health, safety, fire, and sanitation standards equal to standards required by the state, municipal, and county codes;

(9) a kindergarten or preschool educational program that is operated as part of a public school or a private school accredited by the Texas Education Agency, that offers educational programs through grade six, and that does not provide custodial care during the hours before or after the customary school day;

(10) a family home, whether registered or listed;

(11) subject to Subsection (b-1), an educational facility that is integral to and inseparable from its sponsoring religious organization or an educational facility both of which do not provide custodial care for more than two hours maximum per day, and that offers educational programs for children age four and above in one or more of the following:  preschool, kindergarten through at least grade three, elementary, or secondary grades;

(12) an emergency shelter facility providing shelter to minor mothers who are the sole support of their natural children under Section 32.201, Family Code, unless the facility would otherwise require a license as a child-care facility under this section;

(13) a juvenile detention facility certified under Section 51.12, Family Code, a juvenile correctional facility certified under Section 51.125, Family Code, a juvenile facility providing services solely for the Texas Youth Commission, or any other correctional facility for children operated or regulated by another state agency or by a political subdivision of the state;

(continued...)

section 42.041(b) does not expressly include an exemption for a short-duration program described in Rule 745.117(4). *See* TEX. HUM. RES. CODE ANN. § 42.041(b) (Vernon Supp. 2007); 40 TEX. ADMIN. CODE § 745.117(4) (2008) (Tex. Dep't of Family & Protective Servs., Licensing).

In examining chapter 42 for the legislative intent in enacting the chapter, we see a broad purpose to protect the children of the state in the care of child-care facilities. Chapter 42's stated purpose is to

> protect the health, safety, and well-being of the children of the state who reside in child-care facilities by establishing statewide minimum standards for their safety and protection and by regulating the facilities through a licensing program. It is the policy of the state to ensure the protection of all children under care in child-care facilities and to encourage and assist in the improvement of child-care programs.

TEX. HUM. RES. CODE ANN. § 42.001 (Vernon Supp. 2007). Chapter 42's licensing requirement works to achieve that purpose. *See id.* § 42.041(a). And chapter 42 requires the establishment of minimum standards to ensure the safety and protection of children in child-care facilities. *Id.* §§ 42.001 (stating purpose of protecting children "by establishing statewide minimum standards"), 42.042(a) (granting authority to the Department to make rules), 42.042(f) (addressing the Department's promulgation of minimum standards). Chapter 42 defines a child-care facility to mean a

> facility licensed, certified, or registered by the department to provide assessment, care, training, education, custody, treatment, or

---

[2](...continued)

(14) an elementary-age (ages 5–13) recreation program operated by a municipality provided the governing body of the municipality annually adopts standards of care by ordinance after a public hearing for such programs, that such standards are provided to the parents of each program participant, and that the ordinances shall include, at a minimum, staffing ratios, minimum staff qualifications, minimum facility, health, and safety standards, and mechanisms for monitoring and enforcing the adopted local standards; and further provided that parents be informed that the program is not licensed by the state and the program may not be advertised as a child-care facility;

(15) an annual youth camp held in a municipality with a population of more than 1.5 million that operates for not more than three months and that has been operated for at least 10 years by a nonprofit organization that provides care for the homeless; or

(16) a food distribution program that:

    (A) serves an evening meal to children two years of age or older; and

    (B) is operated by a nonprofit food bank in a nonprofit, religious, or educational facility for not more than two hours a day on regular business days.

TEX. HUM. RES. CODE ANN. § 42.041(b) (Vernon Supp. 2007).

supervision for a child who is not related by blood, marriage, or adoption to the owner or operator of the facility, for all or part of the 24-hour day, whether or not the facility is operated for profit or charges for the services it offers.

*Id.* § 42.002(3). This definition indicates that chapter 42 is concerned with protecting all children in facilities for whom someone other than a parent or relative provides "assessment, care, training, education, custody, treatment, or supervision" for part or all of the day. *Id.* Additionally, the Legislature has provided that Human Resources Code, title 2, in which chapter 42 is contained, is to be liberally construed in order that its purposes may be accomplished. *See id.* § 11.002(b) (Vernon 2001).

The list of exemptions in section 42.041(b) is both extensive and specific. *Id.* § 42.041(b) (Vernon Supp. 2007) (providing for sixteen exemptions); *see supra* note 2 (text of section 42.042(b)). Section 42.041(b) exempts specified educational facilities, certain state facilities, programs of short-term care where parents are nearby, and municipal programs of short-term care involving specified recreational activities. *See id.* §§ 42.041(b)(7)–(9), (11) (specified educational facilities), 42.041(b)(1), (5)–(6) (certain state facilities), 42.041(b)(3) (programs of short-term care where parents are nearby), 42.041(b)(14)–(15) (municipal programs of short-term care involving specified recreational activities). Section 42.041(b), which contains the list of exemptions, does not expressly provide that it is an exclusive list. *See id.* § 42.041(b). Neither, however, does it contain language indicating that it is merely an illustrative list. *See Leach v. State*, 170 S.W.3d 669, 672–73 (Tex. App.—Fort Worth 2005, pet. ref'd) (describing the term "including" as a term of enlargement and not of limitation or exclusive enumeration). Though the text of section 42.041(b) does not include an express statement on the legislative intent with respect to the inclusive or exclusive scope of the list of exemptions, the nature of section 42.041 does. Section 42.041 precludes any person from operating a child-care facility without a license. *See* TEX. HUM. RES. CODE ANN. § 42.041(a) (Vernon Supp. 2007). Subsection (b) then lists specifically the exemptions to the broad prohibition. *See id.* § 42.041(b), *supra* note 2. It is a general principle of statutory construction that the mention of one thing implies the exclusion of another. *See Dallas Merchant's & Concessionaire's Ass'n v. City of Dallas*, 852 S.W.2d 489, 493 n.7 (Tex. 1993) (explaining statutory construction maxim *expressio unius est exclusio alterius*); *see also Johnson v. Second Injury Fund*, 688 S.W.2d 107, 108–09 (Tex. 1985) (stating "it is a settled rule that the express mention or enumeration of one person, thing, consequence or class is equivalent to an express exclusion of all others"). "A statutory exclusion is a 'thing' or 'class' for purposes of this maxim of construction." *Gibbs v. State*, 7 S.W.3d 175, 181 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd) (O'Connor, J., dissenting).

We believe the Legislature intended to exempt from the licensing requirement only those facilities and programs that fall within the scope of the exception specifically listed in section 42.041(b).[3] In addition, a limited set of exemptions subjects more child-care facilities to licensing

---

[3]The Department has discretion, in the first instance, to determine whether a program or facility is encompassed within the statutory exemptions. *See cf. Bd. of Ins. Comm'rs v. Adams*, 286 S.W.2d 698, 702 (Tex. Civ. App.—Austin

(continued...)

and regulation and thus better serves chapter 42's purpose of protecting children. Accordingly, to the extent Rule 754.117(4) creates an exemption not included in section 42.041(b), it is not in harmony with the statute and is invalid.

The Department asserts that its rule is valid and does not conflict with section 42.041(a).[4] The Department posits that the definition of a "child-care facility as one that is 'licensed, certified or registered by the department,' implicitly delegate[s] to the department the duty and discretion to determine when a particular activity should be regulated." Department Brief, *supra* note 4, at 1–2. And the Department notes that it is given express authority to make rules to carry out the provisions of chapter 42. *See id.* at 2. It states that for "every set of facts not explicitly addressed by the statutory provisions of Chapter 42, the department must, of necessity, determine whether the particular set of circumstances constitutes the type of 'assessment, care, training, education, custody, treatment, or supervision' that the legislature intended the department to regulate as child-care." *Id.* The Department describes the rule as an attempt to "strike an appropriate balance between the stated purpose of Chapter 42—to protect the health, safety, and well-being of children in care—and the considerable burdens placed on those who must comply with the regulatory scheme contemplated by Chapter 42." *Id.* at 3. Finally, the Department suggests that because the Legislature, since the enactment of Rule 745.117(4), has not amended chapter 42 in a manner inconsistent with the rule, the Legislature tacitly agrees with the balance struck by Rule 745.117(4). *Id.*

In delegating authority to an administrative agency, the Legislature is not expected to provide for every specific detail or anticipate every unforeseen circumstance. *Tex. Workers' Comp. Comm'n v. Patient Advocates*, 136 S.W.3d 643, 654 (Tex. 2004). And the administrative agency to which a power is delegated generally has implied authority to accomplish a delegated purpose. *Tex. Dep't of Human Servs. v. Christian Care Ctrs., Inc.*, 826 S.W.2d 715, 719 (Tex. App.—Austin 1992, writ denied) (citing *Sexton v. Mount Olivet Cemetery Ass'n*, 720 S.W.2d 129, 137 (Tex. Civ. App.—Austin 1986, writ ref'd n.r.e.)). Moreover, an agency's interpretation of its enabling statute is afforded deference by the courts if the interpretation is reasonable and does not contradict the statute. *Employees Ret. Sys. of Tex. v. Jones*, 58 S.W.3d 148, 151 (Tex. App.—Austin 2001, no pet.). Yet, an agency may not adopt a rule that is contrary to or inconsistent with the statute. *Id.* Even assuming the Legislature did intend to provide the Department with discretion to determine the scope of a "child care facility" within the broad definition of the term, the Legislature nevertheless limited that discretion with a statutory licensing requirement that includes every person and, as we have concluded, contains an exclusive list of exemptions. *See supra* pp. 2 n.2, 5. *See also* TEX. HUM. RES. CODE ANN. § 42.041(a)–(b) (Vernon Supp. 2007). Thus, despite the Department's implied authority and deference to which it is accorded, we must conclude that to the extent Rule 745.117(4) expands the list of exemptions, it is contrary to the statute and invalid.

---

[3](...continued)
1956, writ ref'd n.r.e.) (recognizing agency board is "an administrative body of a discretionary fact finding power . . . and that matters of granting . . . a license are addressed to the discretion of the Board").

[4]*See* Brief from Gerry Williams, General Counsel, Texas Department of Family and Protective Services, to Nancy Fuller, Chair, Opinion Committee, Office of the Attorney General, at 3 (rec'd Mar. 24, 2008) (on file with the Opinion Committee) [hereinafter Department Brief].

We cannot advise you regarding the reach of that extent:  we cannot conclude that Rule 745.117(4) is valid for all purposes nor can we conclude that it is invalid as a matter of law.  We can imagine circumstances under which Rule 745.117(4) would purport to exempt a facility or program that is not exempted by section 42.041(b).  In such circumstances, we believe Rule 745.117(4) invalidly creates an exemption the Legislature did not authorize.

## S U M M A R Y

Chapter 42 of the Human Resources Code requires persons who operate a child care facility to be licensed by the Texas Department of Family and Protective Services. Chapter 42 also exempts certain programs and facilities from the licensing requirement. The Department has express authority under chapter 42 to make rules concerning the regulation and licensing of child care facilities. To the extent a Department rule exempting a short-duration child-care program creates an exemption not included in chapter 42, the rule conflicts with the statute, and is therefore invalid.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee