

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

Nos. 04-14-00227-CV, 04-14-00228-CV, 04-14-00229-CV, 04-14-00230-CV

**BEXAR APPRAISAL DISTRICT**,
Appellant

v.

**SIVAGE INVESTMENTS, LTD**. and Sivage Community Development, Inc.; Bitterblue Inc.,
Niemann Family Partnership, Linda Wittig, Custodian, et al., and Bitterblue/Two Creeks Phase
Two Ltd.; Smithson Road Development, Ltd.; and LaCantera Development Corp.,
Appellees

From the 408th Judicial District Court, Bexar County, Texas[1]
Trial Court Nos. 2012-CI-04570, 2013-CI-08083, 2013-CI-18487, 2013-CI-03133
Honorable Janet P. Littlejohn, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:       Catherine Stone, Chief Justice
               Karen Angelini, Justice
               Marialyn Barnard, Justice

Delivered and Filed:  November 19, 2014

AFFIRMED

This appeal arises from a dispute involving ad valorem taxes that were imposed for the

year the use changed for property that previously qualified as open-space lands. The four tracts of

property at issue ("the Property") were owned by Sivage Investments, Ltd. and Sivage Community

Development, Inc.; Bitterblue Inc., Niemann Family Partnership, Linda Wittig, Custodian, et al.,

[1] 04-14-00228-CV – From the 407th Judicial District Court, Bexar County, Texas
 04-14-00229-CV – From the 45th Judicial District Court, Bexar County, Texas
 04-14-00230-CV – From the 288th Judicial District Court, Bexar County, Texas

and Bitterblue/Two Creeks Phase Two Ltd.; Smithson Road Development, Ltd.; and LaCantera Development Corp. ("the Owners"). The Owners each filed summary judgment motions seeking a determination that the assessment of taxes in the year the use changed was illegal. The Bexar Appraisal District ("the District") filed responses opposing the motions. The trial court granted the motions concluding that the District's re-appraisal of the Owners' property for the year the use changed was null and void and of no force and effect. We affirm the trial court's orders.

## BACKGROUND[2]

For many years the Property had been appraised by the District as open-space land. To qualify as open-space land, the land must be used for agricultural purposes as defined in section 23.51(1) of the Texas Tax Code.[3] The Owners subsequently decided to develop the Property. When the District learned of the change in use, the District notified the Owners that a rollback tax penalty would be imposed. *See* TEX. TAX CODE ANN. § 23.55 (West 2013). In addition to the rollback taxes, however, the District also reappraised the Property and assessed taxes on its full market value for the year the use changed. The Owners disputed the taxes for the year of change in use, but not the rollback taxes.

## STANDARD OF REVIEW

An appellate court reviews a traditional summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). To obtain a summary judgment, the movant

---

[2] Except for minor date differences, all four lawsuits involve nearly identical facts and legal issues.
[3] Section 23.51(1) states in part:

> "Qualified open-space land" means land that is currently devoted principally to agricultural use to the degree of intensity generally accepted in the area and that has been devoted principally to agricultural use or to production of timber or forest products for five of the preceding seven years or land that is used principally as an ecological laboratory by a public or private college or university. Qualified open-space land includes all appurtenances to the land.

TEX. TAX CODE ANN. § 23.51(1) (West 2011)

must establish there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005); *Nixon v. Mr. Prop. Mgmt.*, 690 S.W.2d 546, 548 (Tex. 1985). "An appellate court reviewing a summary judgment must consider all the evidence in the light most favorable to the nonmovant, indulging every reasonable inference in favor of the nonmovant and resolving any doubts against the motion." *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 756 (Tex. 2007) (per curiam).

### CHANGE OF USE OF OPEN-SPACE LAND

In its only issue, the District asserts the trial court erred in granting summary judgment. The District argues that it followed agency procedure when it imposed market value taxes for the year in which the change in use occurred. In response to the Owners' argument that the District was not authorized by statute to change the appraised value of the land for the year the use changed, the District responded that the Comptroller has the authority to promulgate rules that the District must follow. *See* TEX. TAX CODE ANN. §§ 23.41, 23.52(d) (West 2009). The District contends that these rules, which are found in the Agricultural Appraisal Manual ("the Manual"), have "the force and effect of law." *Pizzitola v. Galveston Cnty Cent. Appraisal Dist.*, 808 S.W.2d 244, 248 (Tex. App.—Houston [1st Dist.] 1991, no writ.). The District also asserts that courts have held that appraisal districts' reliance on the Manual is proper. *See, e.g., Walker v. Appraisal Review Bd. for Guadalupe County Appraisal Dist.*, 846 S.W.2d 14 (Tex. App.—San Antonio 1992, writ denied) (finding that appraisal district's valuation of land was proper and supported by evidence that appraisal review board followed procedures outlined in agricultural manuals); *Resolution Trust Corp. v. Tarrant Cnty Appraisal Dist.*, 926 S.W.2d 797, 799 (Tex. App.—Fort Worth 1996, no writ.) (citing the Manual to explain change of use); *Compass Bank v. Bent Creek Investments, Inc.*, 52 S.W.3d 419, 421 (Tex. App.—Fort Worth 2001, no pet.) (same).

While courts do recognize that agency rules have the same force and effect as statutes, agency rules must not contradict the plain language of the statute. *Texas Mut. Ins. Co. v. Vista Community Medical Center, LLP*, 275 S.W.3d 538, 548 (Tex. App.—Austin 2008, no pet.); *Employees Retirement System v. Jones*, 58 S.W.3d 148, 151 (Tex. App.—Austin 2001, no pet.). "An agency can adopt only such rules as are authorized by and consistent with its statutory authority." *Railroad Comm'n of Texas v. Lone Star Gas Co., a division of Enserch Corp.*, 844 S.W.2d 679, 685 (Tex. 1992). "A rule of an administrative agency is void if it conflicts with the statute, regardless of how long-standing such rule may be." *Jones*, 58 S.W.3d at 154. "In determining if a rule exceeds statutory authority, we must ascertain whether the rule complies with the general objectives of the statute." *Id.* at 151. "That determination requires us to look not only at a particular provision, but to all applicable provisions." *Id.*

In this case, the District followed the Manual when reappraising the taxes for the year the use changed; however, section 23.55 does not authorize the District to reappraise the land at the higher market value for the year the change in use occurs. Instead the statute only authorizes the District to assess the "rollback penalty," stating:

> [i]f the use of the land that has been appraised as provided by this subchapter changes, an additional tax is imposed on the land equal to the difference between the taxes imposed on the land for each of the five years preceding the year in which the change of use occurs that the land was appraised as provided by this subchapter and the tax that would have been imposed had the land been taxed on the basis of market value in each of those years, plus interest at an annual rate of seven percent calculated from the dates on which the differences have become due.

TEX. TAX CODE § 23.55(a) (West 2013). When construing a statute we must read "every word, phrase, and expression in a statute as if it were deliberately chosen, and presume that words excluded from the statute are done so purposefully." *Cordillera Ranch, Ltd. v. Kendall Cnty Appraisal Dist.*, 136 S.W.3d 249, 254 (Tex. App.—San Antonio 2004, no pet.). We must also construe those statutes that impose a tax liberally in favor of the taxpayer. *Gables Realty Ltd.*

*P'ship v. Travis Central Appraisal Dist.*, 81 S.W.3d 869, 872 (Tex. App.—Austin 2002, no pet.). Therefore, construing the statute liberally in favor of the Owners, the District is only authorized to assess the rollback penalty, which the Owners never contested. *Gables Realty*, 81 S.W.3d at 872. Because the rule authorizing the District to assess taxes on the market value of the Property for the year the change in use occurred is contrary to the statute, the rule is void. *Jones*, 58 S.W.3d at 154.

## CONCLUSION

The trial court's orders are affirmed.

Catherine Stone, Chief Justice