ACCEPTED
03-16-00657-CV
13778995
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/14/2016 3:31:21 PM
JEFFREY D. KYLE
CLERK

No. 03-16-00657-CV

_____

I<small>N THE</small> C<small>OURT OF</small> A<small>PPEALS FOR THE</small> T<small>HIRD</small> J<small>UDICIAL</small> D<small>ISTRICT</small>

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
11/15/2016 12:00:00 AM
JEFFREY D. KYLE
Clerk

_____

**Texas Health and Human Services Commission, Department of State Health Services, Executive Commissioner Chris Traylor, Commissioner John Hellerstedt, M.D., and Hearing Officer Elaine Snow for the State of Texas,**
*Defendants/Appellants,*

v.

**Jane Doe,**
*Plaintiff/Appellee*

_____

On Appeal from Cause No. D-1-GN-16-002113, in the
200<small>th</small> District Court of Travis County, Texas

_____

**BRIEF OF APPELLANTS**

_____

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

ANGELA V. COLMENERO
Chief-General Litigation Division

NATALEE B. MARION
Texas Bar No. 24075362
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone (512) 463-2120
Fax (512) 320-0667

Natalee.marion@oag.texas.gov

A<small>TTORNEYS FOR</small> A<small>PPELLANTS</small>

# IDENTITY OF PARTIES AND COUNSEL

Pursuant to Rule 38.1(a) of the Texas Rules of Appellate Procedure, Appellants herein provide this Court with the following list of parties and the names and addresses of all trial and appellate counsel:

| | |
|---|---|
| *Plaintiff-Appellee:* | Jane Doe ("Doe") |
| *Trial & Appellate Counsel for Plaintiff-Appellee:* | Susan G. Morrison<br>SBN 14524700<br>Chamberlain McHaney<br>301 Congress Ave.<br>Austin, TX  78701<br>(512)474-9124<br>Austin, TX  78701<br>Smorrison@chmc-law.com |
| *Defendant-Appellants:* | Texas Health and Human Services Commission, Department of State Health Services, Executive Commissioner Chris Traylor, Commissioner John Hellerstedt, M.D., and Hearing Officer Elaine Snow for the State of Texas ("HHSC Defendants") |
| *Trial & Appellate Counsel for Defendant-Appellants:* | Natalee B. Marion<br>Texas Bar No. 24075362<br>Assistant Attorney General<br>Texas Attorney General's Office<br>General Litigation Division<br>P.O. Box 12548, Capitol Station<br>Austin, Texas 78711-2548<br>(512) 463-2120<br>(512) 320-0667 FAX<br>natalee.marion@oag.texas.gov |

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ........................................................ ii

TABLE OF CONTENTS ............................................................................... iii

INDEX OF AUTHORITIES ........................................................................... v

STATEMENT OF THE CASE ........................................................................ viii

STATEMENT REGARDING ORAL ARGUMENT ............................................... ix

ISSUES PRESENTED .................................................................................. x

STATEMENT OF RELEVANT FACTS ............................................................. 2

    I.    Background Facts ......................................................................... 2

    II.    Regulatory Scheme ...................................................................... 3

SUMMARY OF ARGUMENT ........................................................................ 5

STANDARD OF REVIEW ............................................................................. 5

ARGUMENT & AUTHORITIES ..................................................................... 6

    I.    Doe's Claims Are Barred By Sovereign Immunity. ............................. 6

        A.    The UDJA does not provide a waiver of immunity. .................. 7

        B.    Doe May Not Challenge Agency Rules Under the UDJA ........... 8

        C.    Doe Cannot Use the UDJA to Collaterally Attack an Agency Order. ............................................................................ 9

        D.    There Is No Right to Judicial Review From the Fair Hearing Procedures. ............................................................. 9

    II.    The Trial Court Erred When It Denied HHSC Defendants' Plea to the Jurisdiction Because Doe Has Not Established Any Named Official/Employee Acted Ultra Vires. ............................. 12

        A.    The HHSC Defendants Have Statutory Authority to Attach an Addendum. .................................................................. 13

B. Doe's Claims Do Not Establish A Constitutional Violation...................................................................16

PRAYER.................................................................................18

CERTIFICATE OF SERVICE ................................................19

CERTIFICATE OF COMPLIANCE.......................................20

APPENDIX ............................................................................21

# INDEX OF AUTHORITIES

**Cases**

*Bacon v. Historical Comm'n*, 411 S.W.3d 161 (Tex. App.—Austin 2013, no pet.) .................................................................................. 12, 13

*Beacon Nat'l Ins. Co. v. Montemayor*, 86 S.W.3d 260 (Tex. App.— Austin, no pet. h.) .................................................................................7

*City of Austin v. L.S. Ranch, Ltd.,* 970 S.W.2d 750 (Tex. App.—Austin 1998, no pet) .................................................................................6

*City of El Paso v. Heinrich*, 284 S.W.3d 366 (Tex. 2009) .................................7, 13

*City of Marshall v. City of Uncertain*, 206 S.W.3d 97 (Tex. 2006) .......................15

*City of San Antonio v. City of Boerne*, 111 S.W.3d 22 (Tex. 2003)........................15

*Coastal Habitat Alliance v. Pub. Util. Comm'n*, 294 S.W.3d 276 (Tex. App—Austin, 2009, no pet.) .................................................................................18

*Combs v. City of Webster*, 311 S.W.3d 85 (Tex. App.—Austin 2009, pet. denied) .................................................................................7

*Creedmoor-Maha Water Supply Corp. v. Tex. Comm'n on Envtl. Quality*, 307 S.W.3d 505 (Tex. App.—Austin 2010) ........................................ 7, 9, 11, 14

*Employees Ret. Sys. v. Jones*, 58 S.W.3d 148 (Tex. App.—Austin 2001, no pet.) .................................................................................15

*Finance Comm'n of Tex. v. Norwood*, 418 S.W.3d 566 (Tex. 2013).....................10

*Gables Realty Ltd. P'ship v. Travis Central Appraisal Dist.*, 81 S.W.3d 869 (Tex. App.—Austin 2002, pet. denied)........................................................16

*Janek v. Gonzalez*, No. 03-11-001 13-CV, 2013 WL 1748795 (Tex. App.— Austin 2013, no pet.) .................................................................................5

*Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922 (Tex. 1998)................................5

*No. Alamo Water Supply Corp. v. Dep't of Health*, 839 S.W.2d 455 (Tex. App.—Austin 1992, writ denied).................................................................18

*Railroad Comm'n v. Texas Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619 (Tex. 2011) .................................................................................15

*Ramos v. Tex. Dep't of Pub. Safety*, 35 S.W.3d 723 (Tex. App.—Houston [1st Dist.] 2000, pet. denied) ................................................................6

*RepublicBank Dallas, N.A. v. Interkal, Inc.*, 691 S.W.2d 605 (Tex. 1985) ............16

*State v. Morales*, 869 S.W.2d 941 (Tex.1994) ......................................................7

*Sw. Pharmacy Solutions, Inc. v. Tex. Health & Human Servs. Comm'n*, 408 S.W.3d 549 (Tex. App.—Austin 2013, pet. denied).....................................15

*Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835 (Tex. 2007)...........................6

*Tex. Assn. of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440 (Tex. 1993) .............6, 7

*Tex. Dep't of Ins. v. Reconveyance Servs., Inc.,* 306 S.W.3d 256 (Tex. 2010).....................................................................................................18

*Tex. Dep't of Parks Wildlife v. Miranda*, 133 S.W.3d 217 (Tex. 2004)...................6

*Tex. Dep't of Protective and Regulatory Servs. v. MegaChild Care Inc.*, 145 S.W.3d 170 (Tex. 2004) ...............................................................................12

*Tex. Dep't of State Health Servs. v. Balquinta*, 429 S.W.3d 726 (Tex. App.—Austin 2014, pet. filed)..............................................................10

*Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636 (Tex. 1999) ......................................6

*Tex. Logos, L.P. v. TxDOT*, 241 S.W.3d 105 (Tex. App.—Austin 2007, no pet.) ...............................................................................................................12

*Tex. Natural Res. Conservation Comm'n. v. IT Davy*, 74 S.W.3d 849 (Tex. 2002) ........................................................................................................5

*Tex. State Bd. of Veterinary Med. Exam'rs v. Giggleman*, 408 S.W.3d 696 (Tex. App.—Austin 2013, no pet.)...........................................................8, 16

*TxDOT v. Sefzik*, 355 S.W.3d 618 (Tex. 2011) ............................................. 13, 17

**Statutes**

25 TEX. ADMIN CODE § 1.55 ................................................................................9, 17

25 TEX. ADMIN. CODE § 1.21 ..................................................................................12

25 TEX. ADMIN. CODE § 1.51 ...................................................................... 9, 12, 17

25 TEX. ADMIN. CODE § 1.54(b) ...............................................................17

25 TEX. ADMIN. CODE § 181.21(b) ................................................... *passim*

TEX GOV'T CODE § 2001.038(a) ..............................................................10

TEX. ADMIN. CODE § 1.27 ........................................................................12

TEX. ADMIN. CODE § 181.21 ......................................................................4

TEX. ADMIN. CODE § 181.24(c) ..................................................................4

TEX. ADMIN. CODE § 181.24(c)(3) ..............................................................4

TEX. ADMIN. CODE § 181.24(d) ..................................................................4

TEX. CIV. PRAC. & REM. CODE § 37.003(a) ..............................................7

TEX. GOV'T CODE § 311.021 ....................................................................15

TEX. GOV'T CODE § 2001.038 ..................................................................10

TEX. GOV'T CODE § 2001.171 ..................................................................10

TEX. HEALTH & SAFETY CODE § 191.033 .......................................... 3, 4, 16

TEX. HEALTH & SAFETY CODE ANN. § 191.057............................... 15, 16

TEX. HEALTH & SAFETY CODE ANN. § 191.057(b)....................................4

TEX. HEALTH & SAFETY CODE ANN. § 191.057(c) ...................................4

**Rules**

TEX. R. APP. P. 7.2(a) ...............................................................................1

## STATEMENT OF THE CASE

*Trial Court:*              The 200th Judicial District Court Travis, Texas. The Honorable Judge James Morgan, presiding.

*Nature of the Case*:       This interlocutory appeal arises from the denial of HHSC Defendants' plea to the jurisdiction in a suit to invalidate and enjoin application of an administrative rule. Enjoining application of the administrative rule would result in the issuance of a birth certificate that is based on statements of a person who pleaded guilty to falsifying birth records, including specifically the Doe's.

*Course of Proceedings*:    Doe filed her Original Petition on May 16, 2016. CR 3-17. HHSC Defendants filed their Plea to the Jurisdiction on June 28, 2016. CR 50-66. A hearing on the plea was held on September 14, 2016. CR 69-70. Doe responded to HHSC Defendants' plea the morning of September 14, 2016. CR 73-77.

*Trial Court Disposition*:  On September 15, 2016, the trial court signed an interlocutory order denying HHSC Defendants' Plea to the Jurisdiction. CR 78. This appeal followed. CR 80-82.

*Jurisdiction:*             HHSC Defendants bring this interlocutory appeal pursuant to Texas Civil Practice and Remedies Code § 51.014(a)(8). CR 80-82.

**STATEMENT REGARDING ORAL ARGUMENT**

Pursuant to Texas Rules of Appellate Procedure 38.1, 39.1, and 39.2, HHSC Defendants respectfully request oral argument before this Court of Appeals. This case presents important issues regarding the limited waiver of immunity under the UDJA, and whether there is a right to judicial review from the fair hearing procedures. HHSC Defendants believe that oral argument would materially assist the Court in its determination of these issues.

# ISSUES PRESENTED

I. Whether the trial court erred in denying HHSC Defendants' Plea to the Jurisdiction because Doe's allegations do not fit within any waiver of immunity under the UDJA.

II. Whether the trial court erred in denying HHSC Defendants' Plea to the Jurisdiction because there is no right to judicial review from the fair hearing procedures.

III. Whether the trial court erred in denying HHSC Defendants' Plea to the Jurisdiction because Doe's claims do not constitute valid *ultra vires* claims.

No. 03-16-00657-CV
_____

_____


**Texas Health and Human Services Commission, Department of State Health Services, Executive Commissioner Chris Traylor, Commissioner John Hellerstedt, M.D., and Hearing Officer Elaine Snow for the State of Texas,**
*Defendants/Appellants,*


v.


**Jane Doe,**
*Plaintiff/Appellee*

---

On Appeal from Cause No. D-1-GN-16-002113, in the
200th District Court of Travis County, Texas
_____

**BRIEF OF APPELLANTS**
_____

To the Honorable Justices of the Third Court of Appeals:

Appellants HHSC Defendants[1] file this Brief requesting that this Court reverse the order of the trial court denying their Plea to the Jurisdiction and render judgment in favor of HHSC Defendants, and in support thereof show as follows:

---

[1] Appellee Doe identified Chris Traylor, Executive Commissioner of HHSC, as a defendant in her original petition, filed May 16, 2016. CR 3-17. Effective June 1, 2016, Charles Smith became the Executive Commissioner of HHSC. Because Doe named the executive commissioner solely in his official capacity, Executive Commissioner Charles Smith should be substituted for Chris Traylor as the proper party. TEX. R. APP. P. 7.2(a).

1

## STATEMENT OF RELEVANT FACTS

### I.    Background Facts

Doe requested a certified copy of her birth record. CR 22. The State Registrar refused to issue the certified copy based on receipt of a sworn affidavit executed by Rosalinda Esquivel, a midwife, stating she did not attend the Doe's birth in Cameron County, Texas, as stated in the birth record, and further identifying over 500 individuals for whom Esquivel unlawfully procured evidence of citizenship. CR 8, 21. The affidavit was executed in conjunction with Esquivel's guilty plea in United States District Court, Brownsville Division to two counts of unlawfully procuring citizenship. CR 21. The affidavit identified Doe by name, date of birth, and parents' names. CR 21.

Based on receipt of the affidavit, the State Registrar attached an addendum to the Doe's birth record indicating that information was received that contradicted the information in the record. CR 21-22. The State Registrar notified Doe of the refusal to issue the birth record, the reason for the refusal, and the procedure for challenging the refusal. *Id.* Doe requested a hearing on the refusal to issue a certified copy of her birth record. *Id.* On April 7, 2016, the hearing officer, Elaine Snow, issued a final order recommending the State Registrar not issue the requested certified copy of Doe's Texas birth certificate, and the addendum not be removed from Doe's birth record, because the conflicting information was not rebutted. CR 20. As further set

2

forth in the hearing officer's findings of fact and conclusions of law, the State Registrar's information concerning the falsity of information in Doe's birth record was not rebutted. CR 20-25.

Doe filed suit in state district court seeking declaratory relief under the Uniform Declaratory Judgments Act ("UDJA") and injunctive relief. CR 3-19. Doe sought a declaration "regarding the proper interpretation of 25 T.A.C. § 181.21(b)." CR 12. Doe argued § 181.21(b) constitutes a retroactive law, and fails to identify the burden of proof and legal standard in violation of the Doe's substantive and procedural due process rights. CR 11-12. Doe further requested the trial court enjoin HHSC Defendants "from proceeding further with [Doe's] attachment to her birth certificate." CR 16.

## II. Regulatory Scheme

Under Texas Health and Safety Code § 191.033, the state registrar may attach an addendum to an original record setting out any information that may contradict the information in the birth record. TEX. HEALTH & SAFETY CODE ANN. § 191.033. If the state registrar attaches an addendum to a birth record, the state registrar must instruct the local registration official in the jurisdiction of the original record to attach an identical addendum. *Id.*

Further, if the local registration office or vital statistics unit receives an application for a certified copy of a birth certificate to which an addendum has been

3

attached under § 191.033, the application is immediately sent to the state registrar who then examines the original record and the addendum. *Id.*, § 191.057(b). After examination, the state registrar may refuse to issue the certified copy of the birth certificate. *Id.* But, if the state registrar refuses to issue the record, the state registrar must notify the applicant of the refusal, the reason for the refusal, and provide the applicant an opportunity for a hearing. *Id*., § 191.057(c).

The Texas Administrative Code provides the criteria for flagging a record, refusing to issue a certified copy of a record of birth, and the hearing procedures the state registrar will use when an applicant for a delayed birth registration wants to appeal the refusal to issue a record. 25 TEX. ADMIN. CODE § 181.21. Specifically, the criteria for refusing to issue a certified copy of a birth record is based on information the registrar receives that contradicts the information in the record, such as "a copy of an original record showing that the event in question occurred in a jurisdiction other than the State of Texas," or "affidavits . . . attesting to the falsification of information in a record." *Id.*, § 181.21(b)(2), (3). The state registrar may flag the record, preventing any state or local registrar from issuing the record until the flag is removed. *Id.*, § 181.24(c). To remove the flag, "a hearing may be requested." *Id*., § 181.24(d). A hearing to remove an addendum is governed by the Department of State Health Services' fair hearing procedures. *Id.*, § 181.24(c)(3) (citing § 1.51-1.55). The procedures for a "fair hearing" are not conducted under

4

the provisions of the Administrative Procedure Act, and do not provide for judicial review. *Id.*, § 1.51.

## SUMMARY OF ARGUMENT

This Court should reverse the district court's denial of the HHSC Defendants' Plea to the Jurisdiction and render judgment in their favor. As shown herein, Doe's claims are jurisdictionally barred because Doe does not establish a valid ultra vires claim and the UDJA does not provide a waiver of immunity to permit Doe's claims. The Administrative Procedures Act does not provide an avenue for Doe to pursue a claim either because the hearing at issue did not occur under that act. Moreover, there is no statutory or common law right to judicial review from the fair hearing procedures regarding the issuance of a birth certificate based on admittedly false information.

## STANDARD OF REVIEW

The standard of review of an order denying a plea to the jurisdiction based on sovereign immunity is de novo.[2] *Tex. Natural Res. Conservation Comm'n. v. IT Davy*, 74 S.W.3d 849, 855 (Tex. 2002); *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). It is the plaintiff's burden to allege facts that affirmatively establish the trial court's subject matter jurisdiction. *Tex. Assn. of Bus. v. Tex. Air*

---

[2] Subject-matter jurisdiction is a question of law that may be raised for the first time in an interlocutory appeal. *Janek v. Gonzalez*, No. 03-11-001 13-CV, 2013 WL 1748795, at *4 (Tex. App.— Austin 2013, no pet.) (citation omitted).

*Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). In determining whether the plaintiff has met this burden, the court must accept the allegations in the plaintiff's pleadings as true and construe them in favor of the plaintiff. *See Tex. Dep't of Parks Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

A suit against the State or its agencies is barred by sovereign immunity absent clear and unambiguous legislative consent, and sovereign immunity deprives a trial court of subject matter jurisdiction. *Id.*; *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999) (holding that the party suing the governmental entity must establish the State's consent, which may be alleged either by reference to a statute or to express legislative permission). When a lawsuit is barred by sovereign immunity, the trial court lacks subject-matter jurisdiction, and dismissal with prejudice is proper. *Ramos v. Tex. Dep't of Pub. Safety*, 35 S.W.3d 723, 734 (Tex. App.—Houston [1st Dist.] 2000, pet. denied) (*citing City of Austin v. L.S. Ranch, Ltd.,* 970 S.W.2d 750, 752 (Tex. App.—Austin 1998, no pet).

## ARGUMENT & AUTHORITIES

### I. Doe's Claims Are Barred By Sovereign Immunity.

In a suit against state agencies and state officials, sovereign immunity generally deprives the trial court of jurisdiction. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 844 (Tex. 2007), *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999) (per curiam). To proceed, the plaintiff must either plead and prove a

6

waiver of immunity, or plead and prove that sovereign immunity is inapplicable because the suit is not against the State, but rather against a state official acting *ultra vires*—that is, without legal authority. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009); *Creedmoor-Maha Water Supply Corp. v. Tex. Comm'n on Envtl. Quality*, 307 S.W.3d 505, 514 (Tex. App.—Austin 2010); *Combs v. City of Webster*, 311 S.W.3d 85, 94 (Tex. App.—Austin 2009, pet. denied). Here, Doe fails to do both.

### A. The UDJA does not provide a waiver of immunity.

"[T]he UDJA does not establish subject matter jurisdiction. A declaratory judgment action is merely a procedural device for deciding matters already within a court's subject matter jurisdiction."[3] *Beacon Nat'l Ins. Co. v. Montemayor*, 86 S.W.3d 260, 266 (Tex. App.—Austin, no pet. h.) (citing *State v. Morales*, 869 S.W.2d 941, 947 (Tex.1994)); *see also Tex. Ass'n of Bus.*, 852 S.W.2d at 444. Consequently, in order for this Court to have subject matter jurisdiction, there must exist, outside the UDJA, a cognizable underlying cause of action over which the Court may validly exercise its jurisdiction.

---

[3] By its terms, the UDJA allows "a court of record, *within its jurisdiction*," the power to declare rights, status, and other legal relations regardless of whether further relief is or could be claimed. TEX. CIV. PRAC. & REM. CODE § 37.003(a) (emphasis added).

7

Doe's petition does not articulate how the alleged facts support a claim within a waiver of sovereign immunity. Doe's petition asserts a claim for declaratory relief under the UDJA, challenging 25 Texas Administrative Code § 181.21(b) as retroactive and violative of Doe's due course of law rights because it fails to identify the burden of proof in a fair hearing and the legal standard for challenging affidavits. CR 11-12. This claim suffers from several jurisdictional defects: a party may not challenge agency rules under the UDJA; and the claim improperly seeks judicial review of an unappealable agency order and does not allege an actual constitutional violation that would enable judicial review of that order.

## B. Doe May Not Challenge Agency Rules Under the UDJA.

As a threshold matter, Doe cannot assert her constitutional challenge to § 181.21(b) under the UDJA because the UDJA itself does not provide for relief regarding agency rules. A claim for declaratory relief regarding agency rules "falls outside the UDJA altogether." *Tex. State Bd. of Veterinary Med. Exam'rs v. Giggleman*, 408 S.W.3d 696, 708 (Tex. App.—Austin 2013, no pet.) (explaining that a UDJA claim may challenge the validity of a statute or municipal ordinance, but not an agency rule). Section 181.21(b) is part of the Texas Administrative Code—the rules and regulations by which a state administers its applicable statutes. As an agency rule, § 181.21(b) cannot be challenged under the UDJA. *Id.* Accordingly, Doe is left with asserting an *ultra vires* claim.

**C.** **Doe Cannot Use the UDJA to Collaterally Attack an Agency Order.**

Doe's challenge to § 181.21(b) is a collateral attack on the hearing officer's order. Doe cannot collaterally attack the hearing officer's determination through a declaratory action, because UDJA claims generally cannot provide "relief against agency orders from which the legislature has not granted a right of judicial review and thereby waived sovereign immunity." *Creedmoor-Maha*, 307 S.W.3d at 515. The Fair Hearing Procedures, §§1.51-1.55, do not provide for judicial review of a hearing officer's determination. *See* 25 TEX. ADMIN. CODE §§ 1.51-1.55. Because there is no right to judicial review of the hearing officer's decision to refuse to remove the addendum to a birth record, sovereign immunity ordinarily bars that UDJA claim. *Creedmoor-Maha*, 307 S.W.3d at 515.

Doe may avoid that bar only if she "properly invoked the court's inherent jurisdiction [to review the decision] by alleging unconstitutional or *ultra vires* action." *Id.* As discussed herein, Doe did not allege any *ultra vires* claims in her petition, and any such claims would be invalid because Doe's alleged facts do not amount to an actual constitutional violation.

**D.** **There Is No Right to Judicial Review From the Fair Hearing Procedures.**

In response to HHSC Defendants' plea to the jurisdiction, Doe claimed jurisdiction was proper under the Administrative Procedures Act ("APA"), Texas Government Code § 2001.171, for the first time. CR 73-77. Even if Doe's petition

9

could be construed as asserting an APA claim, a declaration under § 2001.038 of the APA that § 181.21(b) is retroactive and unconstitutional as applied suffers from the same jurisdictional defects as Doe's UDJA claim.

First, § 2001.038 waives immunity for a declaratory judgment claim to determine a rule's validity only "if it is alleged that the rule or its threatened application interferes with or impairs, or threatens to interfere with or impair, a legal right or privilege of the plaintiff." TEX GOV'T CODE § 2001.038(a). That condition is "but another expression of the general doctrine of standing." *Finance Comm'n of Tex. v. Norwood*, 418 S.W.3d 566, 582 n.83 (Tex. 2013). Thus, whether that condition is "viewed in terms of 'standing' under [section 2001.038] or of the sufficiency of pleadings or proof required to invoke the statute's waiver of sovereign immunity," it requires that a plaintiff at least demonstrate constitutional standing to assert a § 2001.038 claim. *Tex. Dep't of State Health Servs. v. Balquinta*, 429 S.W.3d 726, 745 (Tex. App.—Austin 2014, pet. filed). Doe cannot satisfy the redressability prong of standing with respect to any APA challenge to 25 TEX. ADMIN. CODE § 181.21(b) for the same reason that she cannot show the HHSC Defendants acted *ultra vires*: Doe's petition does not contain facts establishing a constitutional violation. *See infra.*

Further, because the hearing officer's decision to uphold the refusal to remove the addendum is final and unappealable, any APA claim regarding the validity of

10

rules that the HHSC Defendants used (or the legal standard for challenging the validity of affidavits that Doe claims should have been used) in reaching that decision is moot. *Creedmoor-Maha,* 307 S.W.3d at 526 n.16 ("To the extent Creedmoor's allegations regarding TCEQ's rules could sound under section 2001.038, the justiciable controversy that could support such a claim was rendered moot by TCEQ's final, unappealable order." (internal citation omitted)); accord *Bacon v. Historical Comm'n*, 411 S.W.3d 161, 181 (Tex. App.—Austin 2013, no pet.); *Tex. Logos, L.P. v. TxDOT*, 241 S.W.3d 105, 123-24 (Tex. App.—Austin 2007, no pet.).

Doe has not affirmatively demonstrated a waiver of HHSC Defendants' sovereign immunity because there is no right to judicial review from the fair hearing procedures. "In Texas, a person may obtain judicial review of an administrative action only if a statute provides a right to judicial review, or the action adversely affects a vested property right or otherwise violates a constitutional right." *Tex. Dep't of Protective and Regulatory Servs. v. MegaChild Care Inc.*, 145 S.W.3d 170, 172 (Tex. 2004). The trial court lacked jurisdiction under the APA because there is no statutory right to judicial review, there are no aggrieved property rights, and there are no aggrieved constitutional rights. Unlike HHSC Defendants' Formal Hearing Procedures, § 1.51 of the Fair Hearing Procedures explicitly states the APA does not apply. *Compare* 25 TEX. ADMIN. CODE § 1.51 *with* 25 TEX. ADMIN. CODE §§ 1.21,

11

1.27. Thus, there is no direct statutory authority for Doe to receive judicial review of the Hearing Officer's decision not to remove the addendum to Doe's record. Further, there is no general common-law right to review of an agency decision. *See Bacon*, 411 S.W.3d at 173. As such, Doe is left with making an *ultra vires* claim.

## II. The Trial Court Erred When It Denied HHSC Defendants' Plea to the Jurisdiction Because Doe Has Not Established Any Named Official/Employee Acted Ultra Vires.

Doe contends the trial court has jurisdiction to consider her suit because her claims are brought under the UDJA and because she complains that the HHSC Defendants lacked authority to refuse to issue a certified copy of a birth certificate based on an addendum. But Doe cannot establish any of the individually-named defendants acted without legal authority or failed to perform a purely ministerial act.

Sovereign immunity generally deprives courts of subject-matter jurisdiction over claims against state agencies and state officials sued in their official capacities. *Bacon v. Tex. Historical Comm'n*, 411 S.W.3d 161, 172 (Tex. App.—Austin 2013, no pet.). But immunity does not bar a valid *ultra vires* claim—*i.e.,* an official-capacity claim against a state official seeking prospective declaratory or injunctive relief on the ground that the official "acted without legal authority or failed to perform a purely ministerial act." *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009). A plaintiff may assert an *ultra vires* claim under the UDJA. *See TxDOT v. Sefzik*, 355 S.W.3d 618, 621 (Tex. 2011) (per curiam).

12

A plaintiff does not avoid the immunity bar, however, by merely alleging *ultra vires* conduct. "To fall within this *ultra vires* exception, a suit . . . must allege, *and ultimately prove*, that the officer acted without legal authority or failed to perform a purely ministerial act." *Heinrich*, 284 S.W.3d at 372 (second emphasis added). A plea to the jurisdiction challenging the pleadings puts the plaintiff to that proof. In that situation, the court must construe the relevant law to determine whether the well-pleaded facts establish that the defendant official "actually" acted beyond the official's authority or failed to perform a ministerial act. *Creedmoor-Maha*, 307 S.W.3d at 516 n.8. Doe's *ultra vires* claim fails as a matter of law on both of these fronts.

## A. The HHSC Defendants Have Statutory Authority to Attach an Addendum.

Doe challenges the agency rule, but does not address the overarching statute that authorizes the state registrar to attach an addendum to a birth record. As a preliminary matter, an agency's construction of a statute that it is charged with enforcing is entitled to serious consideration by reviewing courts so long as that construction is reasonable and does not contradict the plain language of the statute. *Railroad Comm'n v. Texas Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, (Tex. 2011); *Sw. Pharmacy Solutions, Inc. v. Tex. Health & Human Servs. Comm'n*, 408 S.W.3d 549, 560-62 (Tex. App.—Austin 2013, pet. denied); *Employees Ret. Sys. v. Jones*, 58 S.W.3d 148, 151 (Tex. App.—Austin 2001, no

13

pet.). Additionally, when construing a statute, courts must consider the statute in its entirety and assume the entire statute is effective. TEX. GOV'T CODE § 311.021; *City of Marshall v. City of Uncertain*, 206 S.W.3d 97, 105 (Tex. 2006) (citing *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 29 (Tex. 2003)).

Doe's claim rests on an erroneous interpretation of the applicable rule. Section 181.21(b) provides that:

> (b) Criteria for refusal. The criteria for refusal to issue a certified copy of a record is based on information the State Registrar receives that contradicts the information shown in the record, such as:
> (1) an order issued by a court of competent jurisdiction finding that the information shown in a record is false;
> (2) a copy of an original record showing that the event in question occurred in a jurisdiction other than the State of Texas;
> (3) affidavits executed by registrants, parents, attendants, or persons authorized to administer oaths attesting to the falsification of information in a record.

25 TEX. ADMIN. CODE § 181.21(b).

Under any reading of the rule, the HHSC Defendants acted within their authority under sections 191.033 and 191.057 of the Texas Health and Safety Code in refusing to issue a certified copy of a birth record based on the attached addendum. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 191.033, 191.057. The State Registrar received information indicating Doe's birth record contained false information, and attached an addendum to Doe's birth record based on the information—specifically, the midwife's affidavit. CR 20-25; TEX. HEALTH & SAFETY CODE ANN. § 191.033. Under agency rule § 181.21(b), the state registrar may refuse to issue a birth record

14

based on an affidavit executed by an attendant to the birth attesting to the falsification of information in the record. 25 TEX. ADMIN. CODE § 181.21(b). In construing statutes, this Court has held courts "should read every word, phrase, and expression in a statute as if it were deliberately chosen, and presume the words excluded from the statute are done so purposely." *Gables Realty Ltd. P'ship v. Travis Central Appraisal Dist.*, 81 S.W.3d 869, 873 (Tex. App.—Austin 2002, pet. denied). The Texas Supreme Court stated courts "are not responsible for omissions in legislation," and "must find [a statute's] intent in its language and not elsewhere." *RepublicBank Dallas, N.A. v. Interkal, Inc.*, 691 S.W.2d 605, 607 (Tex. 1985). Doe does not challenge HHSC Defendants' statutory authority under §§ 191.033 or 191.057, to attach an addendum to a birth record or refuse to issue a birth record based on an addendum setting forth information that contradicts the information in a birth record. TEX. HEALTH & SAFETY CODE ANN. § 191.033. Doe challenges only the agency rule, 25 Tex. Admin. Code § 181.21(b), which sets forth the criteria for refusing to issue a birth certificate. CR 3-25.

As this Court held in *Giggleman*, "the UDJA waives state agencies' immunity only as to claims seeking declarations regarding a statute's validity, not for claims merely seeking construction or enforcement of a statute." 408 S.W.3d at 707 (citing *Sefzik*, 355 S.W.3d at 621–22). Doe does not allege any statute is invalid—Doe merely alleges that the HHSC Defendants misconstrued or misinterpreted an agency

15

rule, 25 Tex. Admin. Code § 181.21(b). CR 3-25. The HHSC Defendants' interpretation and application of § 181.21(b) is not an *ultra vires* act that this Court has jurisdiction to adjudicate or enjoin because Doe's petition fails to establish a constitutional violation.

## B. Doe's Claims Do Not Establish A Constitutional Violation.

Doe challenges 25 Texas Administrative Code § 181.021(b) on grounds it (1) constitutes a retroactive law; (2) violates her substantive and procedural due process rights because § 181.021(b) fails to establish who bears the burden of proof in a fair hearing, and fails to set forth the legal standard for challenging the validity of evidence submitted by the Appellants; and (3) as a factual matter, Appellants' interpretation of § 181.21(b) "fails to consider" the "totality of the circumstances." CR 12-13. Doe's alleged violations fail as a matter of law.

Section 181.021 clearly incorporates the fair hearing procedures in 25 Tex. Admin. Code §§ 1.51-1.55, which provide, in part, that "[t]he department program bears the burden of proof in a fair hearing." *See* 25 Tex. Admin. Code § 1.54(b). As reflected in the hearing officer's findings of fact and conclusions of law, the hearing officer found the department met its burden by providing a sworn affidavit executed in conjunction with a federal proceeding which contained information that contradicted the information in the record. CR 20-25. Specifically, the hearing officer found the department met its burden because Rosalinda Esquivel's sworn

16

affidavit—executed in conjunction with her 1994 federal prosecution—attested to unlawfully obtaining Texas birth certificates for over 500 individuals, including Doe. *Id.*

As to the Doe's "totality of the circumstances" argument, the hearing officer further found that the department met its burden by proving, among other things, that the Doe's "Mexican birth certificate [was] most likely the correct birth certificate." CR 25. The hearing officer set forth the reasons for giving less weight to the evidence introduced by Doe at the hearing. The hearing officer found that Doe's evidence failed to address or rebut the midwife's affidavit or the Mexican birth certificate reflecting the appellee was born in Matamoros, Tamaulipas, Mexico. CR 23-25. As Texas courts have repeatedly held, "[t]he fact that the [agency] might decide 'wrongly' in the eyes of an opposing party does not vitiate the agency's jurisdiction to make an initial decision." *Coastal Habitat Alliance v. Pub. Util. Comm'n*, 294 S.W.3d 276, 285 (Tex. App—Austin, 2009, no pet.) (citing *No. Alamo Water Supply Corp. v. Dep't of Health*, 839 S.W.2d 455, 459 (Tex. App.—Austin 1992, writ denied)).

Of course, regardless of the validity, Doe's *ultra vires* claim provides no basis for subject-matter jurisdiction over the entities it has sued—HHSC and DSHS. *Tex. Dep't of Ins. v. Reconveyance Servs., Inc.,* 306 S.W.3d 256, 258-59 (Tex. 2010).

## PRAYER

For the foregoing reasons, Appellants respectfully request that this Court REVERSE the district court's denial of Defendants' Plea to the Jurisdiction and RENDER judgment in favor of Appellants, dismissing each of Appellee's claims with prejudice.

Respectfully submitted,

KEN PAXTON
Texas Attorney General

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

ANGELA V. COLMENERO
Chief, General Litigation Division

*/s/ Natalee B. Marion*
NATALEE B. MARION
Texas Bar No. 24075362
Assistant Attorney General
Texas Attorney General's Office
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 FAX
natalee.marion@oag.state.gov

18

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was filed electronically and that notice of this filing will be sent to the following persons through File & Serve Xpress's electronic filing system and e-mail on **November 14, 2016**:

Susan G. Morrison
919 Congress Ave., Ste. 900
Austin, TX  78701
smorrison@thefowlerlawfirm.com

*ATTORNEY FOR APPELLEE*

*//s/ Natalee B. Marion*
**NATALEE B. MARION**
Assistant Attorney General

## CERTIFICATE OF COMPLIANCE

Pursuant to TRAP 9.4(i)(3), the undersigned Assistant Attorney General hereby certifies that the preceding document complies with the type-volume limits in TRAP 9.4.

1. Excluding the exempted portions in TRAP 9.4(i)(l), the brief contains: 4,074 words; and

2. has been prepared using:
   Microsoft Word in 14 pt. Times New Roman conventional typeface Font with 12 pt. footnotes.

The undersigned understands that a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in TRAP 9.4, may result in the court's striking the brief and prohibiting the party from filing further documents of the same kind.

*/s/ Natalee B. Marion*
**NATALEE B. MARION**
Assistant Attorney General

20

No. 03-16-00657-CV
_____

IN THE COURT OF APPEALS FOR THE THIRD JUDICIAL DISTRICT
_____

**Texas Health and Human Services Commission, Department of State Health Services, Executive Commissioner Chris Traylor, Commissioner John Hellerstedt, M.D., and Hearing Officer Elaine Snow for the State of Texas,**
*Defendants/Appellants,*

v.

**Jane Doe,**
*Plaintiff/Appellee*

On Appeal from Cause No. D-1-GN-16-002113, in the
200th District Court of Travis County, Texas
_____

**<u>APPENDIX</u>**
_____

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General
for Civil Litigation

ANGELA V. COLMENERO
Chief, General Litigation Division

NATALEE B. MARION
Texas Bar No. 24075362
Assistant Attorney General
Texas Attorney General's Office
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 FAX
natalee.marion@oag.texas.gov

ATTORNEYS FOR APPELLANTS

21

## APPELLANTS' APPENDIX

1.      Order Denying Defendants' Plea to the Jurisdiction filed September 15, 2016 [CR 78]

**Tiffaney Gould**

---

**To:** dcampbell@chmc-law.com; natalie.marion@texasattorneygeneral.gov
**Subject:** D-1-GN-16-002113; Jane Doe v. THHSC, et al

Counsel:

After review, I am of the opinion that defendants' Plea To The Jurisdiction should be denied and it is so Ordered.

James E. Morgan

Cc: Velva Price, District Clerk

Tiffaney Gould

Court Operations Officer for
District Judge Scott Jenkins
53rd District Court. Travis County
P.O. Box 1748
Austin, Texas 78767
Phone: (512) 854-7278
Fax: (512) 854-0234
E-mail: tiffaney.gould@traviscountytx.gov

Filed in The District Court
of Travis County, Texas

SEP 1 5 2016   NNR

At _____ 11:30 a M.
Velva L. Price, District Clerk

1